G. L. AND T. P. WARE *v.* THE STATE.

SALE OF LIQUORS. *Evidence. Distinct sales.*

An indictment, though against two, for unlawfully selling intoxicating liquor, charges, necessarily, but a single offense, and where one sale, though by only one of the defendants, is shown, it is error to admit evidence of other sales. *Naul* v. *McComb City,* 70 Miss., 699.

FROM the circuit court of Copiah county.

HON. J. B. CHRISMAN, Judge.

Appellants, G. L. and T. P. Ware, were jointly indicted and convicted for the sale of intoxicating liquors in violation of the special act of February 29, 1888, prohibiting the sale of intoxicating liquors in any quantity in supervisors' district number one, Copiah county. (Laws, p. 170.)

The case sufficiently appears from the opinion. By the instructions given for the state, the jury was authorized to convict if the evidence showed that intoxicating liquor was sold to McLemore by Norton, the clerk and agent of G. L. Ware, and also sold to Davis, directly or indirectly, by T. P. Ware.

*Cassedy & Cassedy* and *A. C. McNair,* for appellant.

The defendants objected to the evidence of sales to more than one person, " with the hope that by patience and persistence" the court would eventually be induced to observe the rule established in *King* v. *State,* 66 Miss., 502 ; *Bailey* v. *State,* 67 *Ib.,* 333 ; *Naul* v. *McComb City,* 70 *Ib.,* 699. The error of admitting evidence of several sales was not cured by the action of the court, at the conclusion of the evidence for the state, requiring the district attorney to elect as to what sales he would rely on for conviction.

*Frank Johnston,* attorney-general, for the state.

The district attorney, on request of the defendants, at the

close of the testimony for the state, elected the two sales that he would proceed upon. This, I submit, was proper and sufficient.

WOODS, J., delivered the opinion of the court.

The appellants were jointly indicted for unlawful retailing. They were charged, necessarily, with a single offense. Evidence of numerous sales, said to have been made by the one or the other of the appellants, was introduced over their objection. At the conclusion of the introduction of the state's testimony, the court required the district attorney to elect the sales he would rely on, and thereupon he elected to rely upon two sales claimed to have been made—one by G. L. Ware to McLemore and the other by T. P. Ware to Davis; and then the court instructed the jury that those two sales, and those only, were charged in the indictment, and for those only were the defendants to be tried.

All this was erroneous. Evidence of any sales other than the one said by the witness, Norton, to have been made to the negro, Joe Jeff, should have been excluded. The state should have been required to confine its evidence to that first sale so proved by the witness, Norton, to have been made. The defendants were charged with the commission of one offense, and not a dozen, and not two even, as the court below, at length, determined.

It results from this view that the action of the court in giving the three instructions asked by the state was error also. See *King* v. *State*, 66 Miss., 502; *Bailey* v. *State*, 67 *Ib.*, 333; and *Naul* v. *McComb City*, 70 *Ib.*, 699.

*Reversed and remanded.*