ROBERT REED v. CITY OF GREENVILLE.

1. CRIMINAL LAW.   *Misdemeanor.*   *Accessory before the fact.*
    An accessory before the fact to a misdemeanor is a principal.

2. SAME.   *Municipal ordinance.*   *Adoption of common law definition.*
   *Incidents.*
    Where a municipal ordinance creating an offense uses the terms
    of the common law definition of a misdemeanor in so doing,
    one who is an accessory before the fact to its violation may be
    punished as a principal.

FROM the circuit court of Washington county.
HON. A. McC. KIMBROUGH, Judge.

Reed, the appellant, was charged, tried and convicted of the
violation of an ordinance of the city of Greenville.   He ap-
pealed to the circuit court from the municipal·court and was
there again tried and convicted and appealed therefrom to the
supreme court.

The ordinance made it an offense against the city for any
person to feloniously take, steal or carry away any personal
property of another, or to have any stolen property in one's
possession, knowing said property to be stolen.   The evidence
showed that appellant was an accessory before the fact to the
crime of petit larceny, committed by one Reuben Frazier.   The
contention of counsel for appellant was that while, under the
common law, accessories to misdemeanors are deemed princi-
pals, the common law does not apply to, and is not in force in,
municipalities; that while the city of Greenville, having been
chartered by a legislative enactment, was given power to pass
ordinances defining what were and what were not offenses, its
municipal authorities must first pass ordinances defining of-
fenses; and that the ordinance under which appellant was con-
victed did not, by its terms, make accessories to petit larceny

principals, and the common-law rule making them such could. not be invoked to aid municipal ordinances.

*Jayne & Watson,* for appellant.

We are aware that at common law and in Mississippi, under the statute and common law prevailing, the defendant could have been convicted, if the evidence was sufficient to justify it, under the common law ruling that in misdemeanors accessories would be treated as principals. 1 Hale, P. C., 613; 4 Blacks. Com., 36; *Williams* v. *State,* 12 Smed. & M., 58; *Hogsett* v. *State,* 40 Miss., 522.

We contend, however, that the two Mississippi cases, above cited, were based on the common law, which was adopted when this state entered the Union, and which, save when modified by statutory enactment or by judicial finding, remains the law of the land. However, the common law does not apply to and is not in force in municipalities. When a municipality is chartered by the legislature of the state (as was the case of the city of Greenville) or under the provisions of the municipal chapter of the code, as many towns and cites in the state are, the powers granted to the municipality are fixed by the charter, or by the municipal code chapter. The city of Greenville, having been chartered by legislative enactment, was given power to pass ordinances defining what were and what were not offenses and denouncing penalties for such offenses.

But under the charter powers granted to the city, its council must. first pass ordinances defining offenses, which it did. Among the defenses defined was the one of petit larceny set out in the ordinance introduced in this cause, which does not reach a case of the kind charged against appellant. This we contend for the reason that either the ordinance must make an accessory in a misdemeanor a principal by its terms, or the common law must be called in in aid of the ordinance to give it the effect sought by the prosecution. Were the ordinances a state statute the common law could be invoked to its aid by which all aiders

and abettors in the commission of a misdemeanor are principals in the offenses; but the municipality cannot call in the common law to aid it in extending its ordinances to aiders and abettors in misdemeanors by converting them into principals.

*William Williams,* Attorney General, for appellee.

In misdemeanors accessories are made principals. If one with an intent to commit larceny is near by aiding and abetting others to commit larceny, he is a participant and guilty as principal. McLean on Criminal Law, Vol. 1, § 210; *Williams* v. *State,* 12 Smed. & M., 58; *Hogsett* v. *State,* 40 Miss., 522.

The proposition that the city, under the said ordinance, had no authority to punish an accessory to larceny cannot be maintained. When the city council passed the ordinance fixing the punishment for one guilty of petit larceny it also fixed the punishment for an accessory to larceny, for the reason that an accessory to petit larceny is a principal. It was not necessary to pass an ordinance fixing the punishment for an accessory for the reason that when it fixed, by ordinance, the punishment for one guilty of larceny, it also fixed the punishment for one guilty as accessory to larceny.

The contention of counsel that the common law does not apply to and is not enforced in municipalities is not sound. It is absolutely necessary to look to the common law to determine the meaning of ordinances passed by municipalities. To properly determine the meaning of words and sentences, we must necessarily look to authorities. When this is done, we can reach no other conclusion than that an accessory to petit larceny is just as guilty under the above ordinance as a principal.

WHITFIELD, C. J., delivered the opinion of the court.

The contention of learned counsel for appellant is ingenious, but not sound. The definition of petit larceny in the section quoted from the ordinance of the city of Greenville is the common law definition, and carries with it all the common law incidents of the crime, among others the one that an accessory in

petit larceny is a principal, and is to be punished as such. The doctrine that an accessory before the fact in misdemeanors is a principal is an inseparable incident of every definition of each offense. We look to the common law for the definition of the offense of petit larceny, and we must take with the definition of the offense all incidents the common law attaches.

*Affirmed.*