## WILLIAM N. KITTRELL *v.* STATE OF MISSSISSIPPI.

### [42 South. Rep., 609.]

1. CRIMINAL LAW. *Sale of intoxicants. Separate sales. Election. Code* 1906, § 1762.

   Under an indictment for the unlawful sale of intoxicants, defendant was entitled, before Code 1906, § 1762, seeking to change the practice, became operative, to demand that the state elect a particular sale and confine the testimony thereto; the statute has no application in the supreme court to trials had in the circuit court before it became operative.

2. SAME. *Principal and accessory. Misdemeanors.*

   One who aids and abets in the commission of a misdemeanor is indictable as a principal.

3. SAME. *Indictment. Evidence. Variance.*

   There is no variance between an indictment charging defendant with an unlawful sale of intoxicants and proof that the sale was made by defendant's employe acting for defendant and with his knowledge and consent.

4. SAME. *Instruction.*

   An instruction is erroneous if it require a conviction of defendant for the unlawful sale of intoxicants upon proof that his agents for conducting a village store, without his knowledge, allowed a negro porter to make unlawful sales of intoxicants on the premises.

FROM the circuit court of Greene county.

HON. WILLIAM H. HARDY, Judge.

Kittrell, the appellant, and a negro named Johnson were jointly indicted, and appellant was separately tried and con-

victed for unlawfully selling intoxicants, fined $500, and appealed to the supreme court.

Appellant carried on a mercantile business in the village of State Line, but was absent from his store a considerable part of the time. The indictment, returned at the March, 1905, term of court, charged that Johnson and Kittrell in said county on the first day of March, A. D. 1905, did unlawfully sell intoxicating liquors without a license therefor, contrary to the form of the statute, etc. At the time of appellant's trial Johnson had already been tried and convicted of the offense charged. Witnesses for the state testified that they had severally at different times purchased beer at appellant's store in the village, in each instance the purchase being made from Johnson, who worked in appellant's store; Johnson kept beer in a side room of the store, and sold it, not only to the witnesses, but to others; barrels of beer were received at different times by freight from points outside of the state, consigned to appellant, received from the railroad freight agent by Johnson at appellant's store, and the freight charges paid by appellant's manager, a white man, in charge of the store during appellant's absence, and when the sheriff searched appellant's store under a search warrant, he found and took charge of six barrels of empty beer and whiskey bottles bearing consignment marks in the name of appellant. No definite date of any of the different sales was shown in the testimony, nor was there any proof of any sales personally made by appellant. When the state closed its testimony, appellant moved the court to require the state to elect the particular sale on which the conviction of appellant would be sought. The motion was overruled, and appellant then moved the court to exclude the state's testimony because of a variance between the allegations of the indictment and the proof, and this motion was also overruled. Testimony was then offered by appellant tending to show that the negro, Johnson, had nothing to do with the store, and appellant had no knowledge of any sales of intoxicants in the store; that if appellant's business manager or John-

son, had paid freight charges on barrels of beer, as claimed by the state, appellant had no knowledge of the fact, and when his attention was called to the matter he promptly discountenanced it, and refused to allow any further payments of similar charges. Over the objection of appellant the court granted to the state the following instruction, referred to and criticized in the opinion:

"(1) The court instructs the jury, for the state, that a merchant is liable criminally for the acts of his agent or clerk in the unlawful sale of liquors, even if the sale be made without his knowledge or consent; and in this case, if you believe from the testimony beyond a reasonable doubt arising therefrom that beer or intoxicating liquors were sold or permitted to be sold in his store by his agents or clerks in State Line, Greene county, Miss., on or about the 1st of March, 1905, you should find him guilty, although you may believe that the defendant had no knowledge of the sale."

The trial of appellant was in August, 1906, before the code of 1906, § 1762, went into effect, and the ruling of the court on the motion of appellant to require the state to elect what sale was relied on for conviction, was not based on that statute.

*W. H. Maybin,* and *J. M. Hairston,* for appellant.

The appellant had a legal right to demand that the court require the state to elect the particular sale on which it relied. It was also error for the court below to overrule appellant's motion to exclude the evidence offered for the state, and instruct the jury to find for the appellant. There was a variance between the allegations in the indictment and the proof offered by the state. The indictment charged the appellant with the actual sale of the liquor, while the proof disclosed that it was sold by another person in a store building owned and controlled by appellant. There is a difference between a sale made by a defendant in violation of law, and permitting such sale by another in a house owned or controlled or occupied by defendant.

There was further error in the granting of the first instruction asked by the state.

*R. V. Fletcher,* assistant attorney-general, for appellee.

The proof showed that Kittrell owned the building in which the intoxicants were sold. It appears that the sales were actually made by a negro porter by name of Johnson, who was in Kittrell's employ. One witness testified that he had purchased beer from this negro porter in the store and in the presence of Kittrell. It appears that intoxicating liquors were shipped to the village in Kittrell's name. Here, then, is a case where the owner of a building aids, abets and encourages the unlawful sale of liquor.

The sole point discussed in the brief of opposing counsel to which we deem it necessary to make reply is that there is an alleged variance between the allegations of the indictment and the proof. It is claimed by opposing counsel that since there is a special statute against allowing liquor to be sold in a house, appellant should have been prosecuted under that statute. But opposing counsel overlook the fact, repeatedly announced by this court, that all persons who aid or abet or encourage the commission of a misdemeanor are guilty as principals. This point has repeatedly been adjudicated by this court. *Bennett* v. *State,* 87 Miss., 815 (s.c., — South. Rep., ——); *Wortham* v. *State,* 80 Miss., 205 (s.c., 32 South. Rep., 50); *Wiley* v. *State,* 74 Miss., 727 (s.c., 21 South. Rep., 797).

The granting of the first instruction for the state presents a serious question. Whether the instruction is correct is respectfully submitted to the court without comment.

Calhoon, J., delivered the opinion of the court.

The indictment is based solely on the ground that the defendant "did unlawfully sell and retail intoxicating liquors without license." When this trial was had (August, 1906) it was well settled that the defendant had the right to demand that the court

compel the state to elect the particular sale on which it relied, and confine its testimony to that. The following are some of the cases so holding: *Ware* v. *State,* 71 Miss., 204 (s.c., 13 South. Rep., 936) ; *King* v. *State,* 66 Miss., 508 (s.c., 6 South. Rep., 188) ; *Bailey* v. *State,* 67 Miss., 334 (s.c., 7 South. Rep., 348) ; *Newman* v. *State,* 72 Miss., 126 (s.c., 16 South. Rep., 232) ; *Naul* v. *McComb City,* 70 Miss., 699 (s.c., 12 South. Rep., 903). In the case before us the court below refused to so compel the state, and this was error. Code 1906, § 1762, changes the rule, but this cannot affect the previous trials.

The court below was right in overruling the motion to exclude the state's evidence because of variance between allegations of the indictment and the proof. One who aids and abets in the commission of a misdemeanor is indictable as a principal, and there was evidence tending to show such aiding and abetting. *Beck* v. *State,* 69 Miss., 217 (s.c., 13 South. Rep., 835) ; *Wynn* v. *State,* 63 Miss., 260.

Kittrell kept, in the building in which the liquor was said to have been sold, a general mercantile business, and was there only about once a week; he having another business six miles away, where he chiefly was. The sales were by a negro, who, Kittrell says, had nothing to do with the store, and that he (Kittrell) had no knowledge of any sale; and so, under the evidence for defense, which it was for the jury to consider, it was error to give the first charge for the state. That required conviction if the negro was permitted to sell by agents or clerks, even without the knowledge of Kittrell. If this be the law, any citizen may be criminally guilty, where a servant makes a furtive sale of liquor.

*Reversed and remanded.*