STATE v. M. G. TREWEILDER.

[60 South. 1015-1039.]

1. DISORDERLY HOUSE. *Criminal law. Renting. Misdemeanor.*

A landlord who rents his house with the intention that it shall be used for the purpose of prostitution and in fact the house is so used, is punishable for a misdemeanor under the common law in force in this State.

2. CRIMINAL LAW. *Misdemeanor. Principal and accessory.*

There are no accessories in misdemeanors. All those who aid or abet the commission of misdemeanors are principals.

APPEAL from the circuit court of Coahoma county. HON. T. B. WATKINS, Judge.

M. G. Treweilder was charged with renting a house for purposes of prostitution. From a judgment sustaining a demurrer to the indictment, the state appeals.

The facts are fully stated in the opinion of the court.

*Frank Johnston,* assistant attorney-general, for the state.

The appellee in this case was indicted in the second district of Coahoma county for renting a house, or premises, to one Maggie Fisher for the purposes of a bawdyhouse. The averments of the indictment are, that she rented the premises for the purposes of a bawdyhouse, and this was the purpose of the lessor; and, second, that after the lease which was made to Maggie Fisher, she unlawfully and willfully kept and maintained these premises as a bawdyhouse, with the connivance and procurement of the appellee.

To this indictment, a demurrer was interposed assigning three grounds: First, that the lease of these premises for a bawdyhouse was not in violation of any law, statutory or common law, in force in Mississippi; second, because the indictment does not charge any offense against the laws of the state of Mississippi; third, because the indictment does not seek to charge the defendant with being the keeper of a bawdyhouse.

The trial judge held the demurrer to be well taken and sustained the same. From this the state, through the district attorney, prosecutes the present appeal. The only question involved in the case is whether or not a lessor who leases premises for the purpose of maintaining a bawdyhouse by the lessee, that being the purpose of the lease, and where the premises are actually used with his knowledge and consent and connivance as such disorderly house, whether this is in violation of any law, statutory or common law of the State of Mississippi.

I am not aware of any statute making this a misdemeanor, but I respectfully submit to the court the following citations and comments upon the authorities of this offense as a misdemeanor at common law.

Bishop on Criminal Law, section 1090, states in his text that it was an offense and a misdemeanor at common law for an owner of property to rent it for the pur-

pose of its being used as a bawdyhouse, where this was the purpose of the lease, and the bawdyhouse was maintained with the knowledge of the lessor.

In *Smith's case,* 15 Rhode Island, ——, involving this question, the court held it to be a common law offense, and sustained the indictment. In this case the owner of the house had rented several rooms in the house for immoral purposes to disorderly women, who were using it for illegal purposes, and the court said that this was an offense at common law, and the court commented on the fact that the landlord was living in the house, and had the power to eject these tenants if they were disorderly characters.

In *Greater's case,* 105 Ind. ——, in which there was an indictment of this character, the court recognized this as a misdemeanor at common law, but decided that there must be knowledge of the disorderly character of the house on the part of the lessor.

The supreme court of Tennessee in *Whitely's case,* 4 Leigh. ——, in a case of renting a house for bawdy purposes, where the house was in fact kept as a bawdyhouse, it was recognized as a common law offense, but the indictment in that particular case was regarded as insufficient because it did not charge notice of that fact to the lessor.

In the *Harrington case,* 3 Pick. ——, the Pennsylvania court held that renting a house for these purposes constituted an indictable offense at common law, but in announcing the rule the court stated that the renting for this purpose, with knowledge of the fact to the lessor that the premises were to be used for this purpose, constituted the offense. See, also, *Smith's case,* 6 Gill. 425, where the court held that renting for these illegal purposes, with knowledge on the part of the lessor, constituted a common law offense.

In the *Moore case,* 11 Cush. 600, this is regarded as a common law offense, but in that case the court said the indictment was not sufficiently specific.

The Missouri court, in *Leech's case,* 50 Mo. 535, it was distinctly decided that this was an offense at common law, but it was held that the lessor must have knowledge of the improper use to which the premises were to be put.

The Kentucky Court in *Ross's case,* 2 B. Monroe, 417, regarded it as a common-law offense to rent property or premises for an illegal purpose, but the court said also if it constituted the offense, the lessor must have had knowledge that the property was to be used for such illegal purposes.

The new York court, in the *Brockaway case,* 2 Hill (N. Y.), 558 (decided in 1842), announced the doctrine, that renting property or premises for a bawdyhouse was not an offense at common law. In that case there was a dissenting opinion by Judge Cowan, holding that it was an offense at common law; but the Brockaway case was overruled five years afterwards by the New York court, in the case of *John Ervin and Mary Ann Clark* v. *State,* 4 Denio, 150.

There is an English case of *Regina* v. *Srannard,* —— Leigh & C., 349, holding the rule, that a landlord was not criminally responsible for this particular improper use of the premises. I invite the court's attention to a very strong criticism of this decision in 1 Bishop's Criminal Law, sec. 1096.

I am not aware of any decision of this state on the precise question. There is no statute defining the offense. I, therefore, submit the question to the court.

Reed, J., delivered the opinion of the court.

The indictment charges the appellee with willfully, unlawfully, and knowingly letting a certain house in the city of Clarksdale to Maggie Fisher, appellee having at the time the control and power of letting the house, with the intent that the lessee, during the continuance of the lease, keep and maintain a common bawdyhouse; and

that after the letting, with the connivance and procurement of the appellee, she did keep and maintain the house as a common bawdyhouse.  The demurrer to the indictment raised the question of whether the letting of a house, knowing that it is to be used for the purpose of prostitution, is an indictable offense in this state. This appeal is taken from the action of the trial court in sustaining the demurrer.

We find that this court, in the case of *Garvin* v. *State,* 96 Miss. 377, 50 South. 498, has decided that the keeping of a bawdyhouse was an offense in this state under the common law, and that section 5055 of the Code of 1906, which provides that every keeper of a house of prostitution shall be punished as a vagrant, does not exclude the right to prosecute a person for keeping a bawdyhouse as an offense under the common law.  MAYES, J., delivering the opinion of the court said: "The common law still prevails in this state where not abrogated by statute, and offenses which were such under the common law are still indictable and punishable, and keeping a bawdyhouse was an offense at common law, and not abrogated by our statute."  Mr. Wharton, in his Criminal Law (10 Ed.), section 1459, states: "At common law it is an indictable offense not only to keep a house of ill fame, or to be in any way concerned in the same, but to let a house, knowing it is to be used for the purpose of prostitution."  Mr. Bishop, in his New Criminal Law (8 Ed.), section 1090, says: "A mere attempt to commit an offense is ordinarily, we have seen, indictable; and a solicitation is an attempt of a particular kind.  On this principle, the letting of a house for a brothel is, even before it is used, a punishable misdemeanor.  Then, if the house is afterward kept for bawdry, he whose will contributed to it by letting it therefor is, within the principle just explained, indictable as keeper."

There are no accessories in misdemeanors.  All those who aid or abet the commission of misdemeanors are

principal offenders. In the case of *People* v. *Erwin*, 4 Denio (N. Y.), 129, it is decided that where one rents a house with the intent that it shall be kept, and which is accordingly kept, for the purposes of public prostitution, and who derives a profit from that mode of using the property, is punishable by indictment for a misdemeanor.

The indictment sufficiently charges an offense in this state, and the demurrer thereto should have been overruled.

*Reversed.*

*Suggestion of error filed and overruled.*