SMITH *v.* STATE.

May 10, 1954

No. 39149          64 Adv. S. 52          72 So. 2d 215

*Wingo & Finch,* Hattiesburg, for appellant.

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

ROBERDS, P. J.

This is an appeal from a conviction of the unlawful possession of intoxicating liquor.

Appellant says he could not be convicted of this crime under the facts of this case; that he did not have possession of the liquor; that this, at most, could only be possession by "remote control."

The undisputed facts are that on January 10, 1952, Harrison Brown was an employee of appellant in Simpson County at a wage of $30 per week. On that day appellant, while in Simpson County, placed in the possession of Brown $143 and instructed him to go to a certain place in Forrest County and there purchase whiskey and pay for it with that money and bring it to him. Brown went, driving his own automobile. When he got to the designated place he was told by someone to go to another place apparently a short distance away and there he would be delivered the whiskey. Brown did that and there two cases of whiskey were delivered him by some person he did not know. It was transferred from the motor vehicle of the delivering party to Brown's truck. Brown gave the party the $143, who delivered back to Brown $2. Brown, with the whiskey in his truck, started back on U. S. Highway 49 to deliver the whiskey to his employer in Simpson County. As Brown drove through Hattiesburg he was arrested for speeding and the officers found the two cases of whiskey in his automobile. They arrested Brown and took possession of the whiskey. Both appellant and Brown were charged in Forrest County with unlawful possession of this whiskey. The

case was nol-prossed against Brown and he was used as a State's witness. However, none of the stated facts are disputed. It is also not contradicted that, after the apprehension of Brown and the whiskey, and while Brown was in jail, that appellant came to Hattiesburg to bail Brown out of jail, and that he, Smith, told Mr. Hugh Herring, Assistant Chief of Police of Hattiesburg, that he, Smith, had sent Brown with the money to purchase the whiskey and he was the owner of the contraband.

Appellant was convicted of a misdemeanor. In this State there are no accessories in misdemeanors, but all who aid in and incite the commission of a misdemeanor are guilty as principals. Johns v. State, 78 Miss. 863, 20 So. 401; Reed v. Greenville, 83 Miss. 192, 35 So. 178; State v. Treweilder, 103 Miss. 859, 60 So. 1015; Grantham v. State, 190 Miss. 887, 2 So. 2d 150. Indeed, this seems to be the general rule. Griffith's "Outlines of the Law," page 948; 14 Am. Jur., page 835, Sec. 100. Of course, under the circumstances of this case, appellant did instigate, aid and abet in the commission of this misdemeanor.

Appellant says he committed no crime in Forrest County; that he was not in that county. We do not think the contention well taken. The possession of Brown was the possession of Smith. In Watson v. State, 166 Miss. 194, 146 So. 122, this Court said: "The appellant next contends that the venue was not shown to be in Marion County, because the proof failed to show where she was at the time of the robbery. There is no merit in this contention. The appellant was prosecuted and convicted on the theory that she was an accessory before the fact to a felony that was consummated in Marion County and, as such, by virtue of the provisions of Section 769, Code of 1930, she is deemed and considered a principal, and is indictable and punishable as such, and it is immaterial whether she was in the county at the time the crime was consummated by her co-conspirators." In 22 C. J. S.,

page 278, Sec. 134, it is said: "In misdemeanors all who take part are liable as principals and are indictable in the county where the offense is committed, although their participation may have been in another county."

A case in point, supporting the stated rule, is Jackson v. State, 115 S. E. 507, 29 Ga. App. 324, 114 S. E. 811.

■■■■ The court refused the defendant the following instruction: "The court instructs the jury for the defendant that the term 'conscious control' means, under the law, actual exercise of control with knowledge, and unless you believe, from the evidence, beyond a reasonable doubt that the defendant, Vardaman Smith, either actually possessed intoxicating liquor or actually knowingly controlled such intoxicating liquor in Forrest County, Mississippi, then it would be your sworn duty to find the defendant 'Not guilty.'" We think this instruction would have been misleading to the jury. The words "actual exercise of control" convey the idea of necessity of physical, manual possession of the whiskey by Smith. That was not necessary to conviction. In addition, other granted instructions set forth the essential elements necessary to conviction.

■■■■ Appellant says the court granted conflicting instructions to the State and defendant which necessarily confused the jury. We do not think the instructions contradictory. The State's instructions set forth the theory of guilt as a principal by aiding and abetting, even though not present in the county where and when the misdemeanor was committed. The instruction to defendant undertook to set forth the essentials for conviction of a participating principal, acting in concert with another.

■■■■ Appellant says it was reversible error to exhibit before the jury, and later introduce in evidence, the two cases of whiskey. That came about in this manner: The State had introduced before the jury one bottle of the two cases of whiskey. It appears the remainder of the whiskey was at the police station. Counsel for defendant,

cross-examining Ellington, a city patrolman, asked "You wouldn't mind sending for it would you?" The court remarked, "If it's down there let's send and get it. Better to always send for it if you've got it." Someone went to bring the whiskey but the trial proceeded. Shortly thereafter, about the time, or immediately after, the taking of testimony had closed, and while the attorneys were preparing the instructions, someone brought in the two cases of whiskey in two cartons, and placed them upon a table before, and in the presence of the jury, where they remained some five minutes before being removed; whereupon, it appears defendant moved for a mistrial because there had been brought before the jury, but not introduced in evidence, the two cartons of whiskey. Counsel for defendant told the court he wanted to put on some proof about that, and the court granted that request, and reopened the trial of the case. Defendant then placed on the stand Mr. Bob Cubley, a deputy sheriff of Forrest County, and proved by him the fact of the placing of the cartons by someone on the table before the jury. The witness did not know who placed the cartons on the table, and said they remained there about five minutes, and had not been introduced in evidence. At this point the prosecuting attorney asked leave to introduce the cartons, containing the whiskey, in evidence. Counsel for defendant then stated "If the court please, I would like to have a right after that to carry on further defense." The cartons, containing the whiskey, were then offered in evidence. Counsel for defendant objected on the ground the State had rested its case. The trial judge then stated, "Overruled, because the evidence is that the liquor was sent for down to Police Headquarters but did not arrive until after a few minutes after the trial of the case, so under the circumstances the court is permitting the State to reopen to introduce this evidence." Mr. Ellington then identified these as the cartons he took from the possession of Brown, and they were admitted as evidence before

the jury. Defendant offered no further proof. This action of the court, under the circumstances, was not error. In the first place, as is shown above, the defendant requested that the cartons be sent for and brought into the courtroom. In the second place, exhibition and introduction of the cartons and whiskey were competent. And in the third place, admission by the trial judge of this competent evidence under the circumstances was largely within his discretion. Defendant indicated he might, but, as a matter of fact, he did not offer any evidence after this occurrence. Had he done so, and the evidence had been competent, apparently the trial judge would have permitted its introduction.

Affirmed.

*Lee, Holmes, Arrington* and *Ethridge, JJ.,* concur.