HATHORN, et al. *v.* STATE

No. 42538         February 11, 1963         149 So. 2d 845

*W. T. Weir,* Philadelphia, for appellants.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

KYLE, J.

Appellants, Bill Hathorn, Jimmie C. Hathorn and Bobby Hathorn were jointly indicted, tried and convicted in the Circuit Court of Winston County for the crime of unlawfully and feloniously pointing and aiming a shotgun at one Bill Kemp, and were sentenced to serve sentences of six months each in the county jail and pay fines of $500 each. From that judgment they have prosecuted this appeal.

The testimony shows that Bill Kemp was engaged in the banking business, and that he had a note secured by a deed of trust on some cows belonging to Bill Hathorn who lived in the country several miles from the City of Louisville. The indebtedness was in default, and Mr. Kemp secured the services of Mr. Van Barrier to go with him to look at the cattle and appraise them for foreclosure purposes. The two men went to the Hathorn place and found Bill Hathorn unloading firewood. Bill Hathorn was not known by sight to Mr.

Kemp, but upon inquiry as to the whereabouts of Bill Hathorn, Bill Hathorn identified himself. Mr. Kemp then told Bill Hathorn that he had come down there to look at the cows on which the bank held a deed of trust to secure a note which was past due and unpaid. Bill Hathorn stated that the note had been paid and began to argue about the matter and refused to allow Mr. Kemp and Mr. Barrier to see the cattle, whereupon Mr. Kemp stated that he would have to call the sheriff. About that time Jimmie Hathorn, who was a son of Bill Hathorn, came out of the house with a shotgun and pointed it right in Mr. Kemp's face. Bobby Hathorn, another son of Bill Hathorn, also appeared on the scene and said, "Shoot the son of a b.... here." Bobby had his hand in his hip pocket. Bill Hathorn, who had stopped the unloading of the wood, began to talk in a loud tone of voice. Bill Hathorn made no effort to try to stop Jimmie from pointing the gun at Mr. Kemp, who was standing about 15 steps from Jimmie. Kemp stated that the only one who actually drew a gun on him was Jimmie Hathorn. The three defendants were later arrested by the deputy sheriff. Jimmie Hathorn had a hunting knife in his hip pocket. He was asked where the shotgun was, which he had pointed at Mr. Kemp. He stated that it was in the closet. The shotgun was introduced in evidence. The defendants did not testify, and no witnesses were called to testify in their behalf.

The attorney for the defendants requested instructions directing the jury to find each of the defendants not guilty. The court refused to grant each of the instructions directing a verdict of not guilty. The jury returned a verdict of guilty as charged against each of the defendants. The defendants moved the court to set aside the verdict on the ground that the court had erred in refusing to grant the peremptory instructions. A motion for a new trial was overruled.

The only question presented for our decision on this appeal is whether or not the court erred in refusing to grant the peremptory instructions requested on behalf of each of the three defendants.

(Hn 1) There was no error in the court's refusal to grant the peremptory instruction requested on behalf of the appellant Jimmie Hathorn, who, according to the undisputed evidence, pointed the gun at Mr. Kemp. Neither was there error in the court's refusal to grant the peremptory instruction requested on behalf of Bobby Hathorn. (Hn 2) In misdemeanors all who are concerned in aiding and abetting or inciting the commission of the crime, as well as those who perpetrate the acts, are principals. Johns v. State, 78 Miss. 663, 29 So. 401; Reed v. Greenville, 83 Miss. 192, 35 So. 178; State v. Treweilder, 103 Miss. 859, 60 So. 1015, 1039. That is the rule of the common law; and by statute every person who shall be an accessory to a felony before the fact shall be deemed and considered a principal. Sec. 1995, Miss. Code of 1942, Rec. (Hn 3) Bobby did not have the gun in his hand, but the proof clearly shows that he was present and that he aided, abetted and incited the commission of the crime. McCoy v. State, 91 Miss. 257, 44 So. 814; Douglas v. State (1907 Miss.), 44 So. 817.

(Hn 4) The evidence in our opinion was insufficient to support a verdict of guilty as to the defendant Bill Hathorn; and the requested instruction for a directed verdict on his behalf should have been given. The judgment of the lower court as to the appellant Bill Hathorn is therefore reversed, and judgment will be entered here discharging him.

For the reasons stated above the judgment of the lower court as to the appellants Jimmie Hathorn and Bobby Hathorn is affirmed. The judgment of the lower court is reversed as to the appellant, Bill Hathorn, and judgment will be entered here discharging him.

Affirmed in part and reversed in part.

*Lee, P. J., and Arrington, Ethridge and Rodgers, JJ.,* concur.