232 So.2d 354 (1970)
STATE of Mississippi
v.
Louis P. LABELLA.
No. 45710.
Supreme Court of Mississippi.
February 23, 1970.
*355 A.F. Summer, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellant.
Robertshaw, Merideth & Swank, Philip B. Terney, Greenville, for appellee.
JONES, Justice:
Having been convicted in the Justice of the Peace Court of District three of Sunflower County, appellee appealed to the Circuit Court where a demurrer to the affidavit as amended was sustained. The State appeals, and we reverse and remand.
The affidavit against appellee was drawn under Section 10223(b), Mississippi Code of 1942 Annotated (1952), the pertinent part of which reads as follows:
[I]t shall be unlawful for the holder of a permit authorizing the sale of beer or wine at retail:
* * * * * *
(b) to sell, give, or furnish any beer or wine * * * to any person under the age of eighteen years.
The affidavit as amended charged:
Before me, L.A. Dodd, a Justice of the Peace of the County aforesaid, in Justice District No. 3, acting in the absence of D.C. Wiggins, Jay Blount makes affidavit that on or about the 8th day of February, 1969, in the State, County and District aforesaid, Louis P. Labella, the holder of a wine and beer permit issued by the State of Mississippi, did, by his servants or agents, to-wit: one, Curtis Clegg, unlawfully sell, give or furnish to Jay Blount, a minor 15 years of age, beer at Labella's Drive Inn, U.S. Highway 82 West, Sunflower County, Mississippi, against the peace and dignity of the State of Mississippi.
The appellee says the affidavit is defective because it does not charge appellee knew of Clegg's action. There are certain rules of law permeating this entire case. In misdemeanors, all who aid, incite, participate or abet the commission of such crime as well as those who perpetrate same are guilty as principals. Hathorn v. State, 246 Miss. 135, 149 So.2d 845 (1963); Smith v. State, 221 Miss. 184, 72 So.2d 215 (1954); State v. Treweilder, 103 Miss. 859, 60 So. 1015 (1912); suggestion of error overruled, 60 So. 1039 (1913); Reed v. Greenville, 83 Miss. 192, 35 So. 178 (1903); Johns v. State, 78 Miss. 663, 29 So. 401 (1900).
It is not necessary that he be present at the commission of the crime. Noble v. State, 221 Miss. 339, 72 So.2d 687 (1954); Smith v. State, 221 Miss. 184, 72 *356 So.2d 215 (1954); Kittrell v. State, 89 Miss. 666, 42 So. 609 (1906).
Under the above decisions, all who incite, participate in, or abet the commission of a crime are principals. Since, under this law, the appellee was a principal, he might be indicted as a principal and convicted as such on proof of aiding in, abetting or inciting the crime. Goss v. State, 205 Miss. 177, 38 So.2d 700 (1949). The manner or means employed generally need not be averred. 42 C.J.S. Indictments and Informations § 131, p. 1023 (1944). Neither do matters of evidence need averment, nor those of defense negation. 42 C.J.S. Indictments and Informations §§ 115, 116, p. 996 (1944).
Under these laws, the words "* * * by his servants or agents, to-wit: one, Curtis Clegg * * *" are surplusage and were not necessary to be included in the affidavit. The affidavit did not charge that Clegg was an employee and gave beer to a minor, for which appellee was responsible. It charges that Labella "did * * * unlawfully sell, give or furnish * * *" beer to the minor. (emphasis added). This is a direct charge that Labella himself did it. He could not do it unlawfully unless he knew what he was doing. As stated, the indictment could have been drawn omitting the surplus words and have been a perfectly good indictment.
Generally, an indictment which is substantially in the language of the statute is sufficient. In State v. Coltharp, 176 Miss. 883, 889, 170 So. 285, 286 (1936), this Court said:
We are unable to apprehend wherein the indictment fails to be specific in presenting an indictment on this statutory charge. This indictment was drawn under section 889, Code 1930, is substantially in the language thereof, and is not subject to condemnation, as delineated in the case of State v. Cahn et al., 171 Miss. 458, 158 So. 202.
The evidence upon which the state relies for a conviction is not necessary to be recited in an indictment. The indictment is quite sufficient to inform the appellee that he is called upon to answer a charge of the embezzlement of two thousand four hundred dollars.
Generally, an indictment presented by virtue of a particular statute, which follows the language thereof, is sufficient. There are exceptions, but they are not referred to by the appellee, nor applicable in the case at bar.
We think the court below was in error in sustaining the demurrer to the indictment.
Appellee places reliance upon Kittrell v. State, 89 Miss. 666, 42 So. 609 (1906). It was held in that case that there is no variance between an indictment charging a defendant with the unlawful selling of intoxicants and proving that sale was made by defendant's employee acting for the defendant with his knowledge and consent. In the Kittrell case, the Court gave an instruction for the State that a merchant is liable for the acts of his clerk in the unlawful sale of liquor even if the sale was made without his knowledge or consent, and that if the facts existed, the jury should find him guilty.
In that case the indictment was based solely on the ground that the defendant "did unlawfully sell and retail intoxicating liquors without a license." Speaking for the Court, Judge Calhoon said:
The court below was right in overruling the motion to exclude the state's evidence because of variance between allegations of the indictment and the proof. One who aids and abets in the commission of a misdemeanor is indictable as a principal, and there was evidence tending to show such aiding and abetting. Beck v. State, 69 Miss. 217 (13 So. 835); Wynn v. State, 63 Miss. 260.

*357 Kittrell kept, in the building in which the liquor was said to have been sold, a general mercantile business, and was there only about once a week; he having another business six miles away, where he chiefly was. The sales were by a negro, who, Kittrell says, had nothing to do with the store, and that he (Kittrell) had no knowledge of any sale; and so, under the evidence for defense, which it was for the jury to consider, it was error to give the first charge for the state. That required conviction if the negro was permitted to sell by agents or clerks, even without the knowledge of Kittrell. If this be the law, any citizen may be criminally guilty, where a servant makes a furtive sale of liquor. 89 Miss. at 670, 42 So. at 610.
Under this case it is clear that lack of knowledge is a defense and a question of fact to be submitted to the jury.
In Smith v. State, 221 Miss. 184, 72 So.2d 215 (1954), appellant was convicted for transporting whiskey through Forrest County when he was not present in said county. The proof showed that the one that actually transported the whiskey was doing so for Vardaman Smith.
This indictment under the wording of the statute involved is not required to charge appellee with knowing that the employee sold or gave the beer to the minor. The statute does not use the word "knowing" and besides the affidavit here involved is so worded as to show that the defendant knew of the employee's activities.
In State v. Brunjes, 187 S.W.2d 473, 475 (Mo. App., 1945), the Missouri court held:
Defendant was convicted under Section 4469, R.S. 1939, Mo.R.S.A., our petit larceny statute, which provides "every person who shall steal, take and carry away any money or personal property or effects of another under the value of thirty dollars * * * shall be deemed guilty of petit larceny. * * *" There is no statutory requirement that it be done with the intent of appropriating it to his own use and depriving the owner thereof. This for the reason that the words take, steal and carry away are commonly understood expressions and mean the theft of property; and theft is uniformly held to mean the fraudulent taking of personal property belonging to another, without his consent and with the intent to deprive the owner of the value thereof and to appropriate it to the use of the person taking. Black's Law Dictionary, 3d Ed., pp. 1658, 1725, and cases there cited.
In State v. Richmond, 228 Mo. 362, 366, 128 S.W. 744, 745, the court announces the Missouri rule as follows: "For the practical administration of justice, we think it must be conceded that if a jury are told that if they believe from the evidence that the defendant feloniously took, stole, and carried away a horse, the property of `A.,' they will understand as lawyers would that the defendant had taken the horse without the consent of the owner, and hence the adding of the phrase `without consent of the owner' would add nothing to the strength or sense of the instruction. In Hughes v. Territory, 8 Okl. [28] 32, 56 P. 708, it is said: `An examination of the authorities will show that "larceny" and "stealing," at common law, had the same meaning, and such we think is the common understanding. State v. Schatz, 71 Mo. [502] loc. cit. 504.'"
In that case the court did hold the instruction erroneous because defendant was being prosecuted for grand larceny and that statute, Sec. 4456, R.S. 1939, Mo.R.S.A., requires that the property be feloniously taken, and the instruction did not include that word. However, the petit larceny statute does not require that the property be feloniously taken. There is no merit in defendant's second criticism of instruction 2.
*358 In the same case of Brunjes, the court quoted from another Missouri case as follows:
In State v. Johnson, 316 Mo. 86, 96, 289 S.W. 847, 851, the court said: "When `the act itself is criminal, and necessarily involves a knowledge of its illegality, no averment of knowledge or bad intent is necessary other than is involved in a statement of the facts of the offense.'" Furthermore, in this case the court gave instruction 3, at defendant's request, which told the jury that "if the defendant took the wire * * * in good faith under color of rightful claim, * * *" then he was not guilty. We think this instruction clearly presents defendant's defense and there would be no need of giving his instruction "A".
In Territory of Hawaii v. Santana, 37 Haw. 586, 587 (1947), defendant was charged with soliciting or abetting in soliciting for unlawful intercourse. The court said:
The charge is extremely brief, alleging merely that the defendant, at the time and place alleged, "did lead, conduct and drive persons to a place where a prostitute resides and carries on her business, to-wit: did lead, conduct and drive [here follow the names of two male persons] to the place known as 3454 Alani Drive in said Honolulu, a place of one Barbara Rogers, did then and there and thereby violate the provisions of Section 11674 RLH."
Error was alleged in that the charge against the defendant did not allege that he knew the place to which he drove people was a place of prostitution. The court, in considering the indictment, said:
The statute does not expressly require that the acts condemned should be done "knowingly" but the context of the statute and the use of the words "lead, conduct and drive" imply the necessity of prior knowledge on the part of the defendant of the character of the place to which he leads, conducts or drives another. The statute is directed against soliciting to unlawful sexual intercourse, either directly or indirectly. The prohibition against solicitation is in general terms. But the statute also descends to particulars and condemns as public offenses divers means by which solicitation to unlawful intercourse might be effected, including leading, conducting or driving a person to a place where a prostitute resides or carries on her business. The words "lead, conduct and drive" import an objective. An objective to which one leads, conducts or drives another connotes prior knowledge of its attributes. Hence it is that knowledge of the character of the place to which a person leads, conducts or drives another is an essential ingredient of the offense and must be alleged and proved.
By the same token, however, knowledge on the part of the defendant of the character of the place to which he led, conducted or drove another may be alleged inferentially as well as directly. If, as we hold, the words "lead, conduct and drive" import prior knowledge on the part of the defendant of the character of the place, such knowledge may be inferred in the mere use of those terms. An essential ingredient of an offense may be alleged inferentially as well as directly and when so alleged is sufficient. Where the words of a statute defining a criminal offense do not include the word "knowingly" or words of similar import but its terms imply that guilty knowledge is a necessary ingredient of the offense, a complaint in the words of the statute inferentially alleges guilty knowledge and is sufficient. 37 Haw. at 588-589.
In Bosco v. State, 157 Md. 407, 409, 146 A. 238, 239 (1929), the court said:
Of course the particular act which constitutes the crime must be so described as to inform the accused of what he is called upon to defend, and must be identified with sufficient accuracy to protect him against future prosecution *359 for the same offense. The distinction between the description of the particular act and its characterization as a crime is clearly stated in Armacost v. State, 133 Md. 289, 105 A. 147, supra.
We do not understand that it is intended here that there is any lack of clarity in the description of the particular act, but it is urged that, as charged, it does not constitute a crime, because of the lack of a sufficient allegation of scienter. Even where allegation is necessary, it need not be an express allegation. It is sufficient if it is necessarily implied from a statement of the acts which constitute the offense. 9 C.J. p. 411, and cases there cited; Wharton on Criminal Pleadings and Practice, § 164.
The language of the indictment here, in our opinion, necessarily imparts knowledge on the part of appellant that George E. Benson was a justice of the peace. The demurrer was properly overruled.
In United States v. Okin, 154 F. Supp. 553, 555 (D.C., 1955), citing authorities therefor, the court said:
So, too, must defendant's second ground, alleging the ineffectiveness of the substantive counts for failure to use the word "willfully", fail. Formal words are unnecessary where the allegations necessarily or fairly import guilty knowledge; words which import an exercise of the will may take the place of the word "willfully."
Gillespie v. State, 147 Md. 45, 61, 127 A. 727, 733 (1924) has this to say on the matter:
It is argued that these counts are bad since they fail to show that the several defendants knew when it was published that the report was false. But, where "an act is in its nature unlawful, knowledge of its wrongful character is presumed, and it is unnecessary to allege in an indictment that the defendants had knowledge of its wrongful character." And "unlawful," as used in that definition, does not necessarily mean "criminal," but may include a breach of civil as well as criminal law. Words and Phrases, Second Series, p. 1079.
The object of the conspiracy charged in these two counts was to cheat and defraud certain classes of persons. To cheat and defraud an individual may not be a criminal act, yet to cheat and defraud the public is an indictable offense at common law, and, while under some circumstances to cheat and defraud may not be a crime, under the circumstances of this case it is certainly, within the meaning of the definition last referred to, unlawful. And, since the accused were charged with conspiring to commit an unlawful act, it was not necessary to charge that they actually knew that the statement by which that object was to be accomplished was false.
The demurrer to the indictment in the present case should have been overruled because:
(1) the statement that the appellee did the act through his servant, an employee, Clegg, was surplusage and could have been omitted from the indictment;
(2) the indictment eliminating the words quoted is in the words of the statute;
(3) the question of knowledge of the acts of Clegg would be a question of fact to be submitted to the jury as a defense;
(4) the allegation that he did this act through Clegg would be a matter of evidence; and
(5) the words that the appellee "did * * * unlawfully sell, give or furnish" the minor beer implies a knowledge of the acts of the servant. The words that he did unlawfully by his servant or agent sell, etc. implies knowledge that his agent was so doing.
The case is reversed and remanded.
Reversed and remanded.
GILLESPIE, P.J., and PATTERSON, INZER and ROBERTSON, JJ., concur.