The writ of certiorari was granted to review that part of the decision of the Court of Criminal Appeals which determined that venue for this prosecution was properly laid in Montgomery County. The facts of the case are exhaustively described in that opinion.
Consideration of the venue problem begins with our Constitutional provisions. *Page 565 
The Alabama Constitution, § 6 mandates that ". . . in all criminal prosecutions, the accused has a right to . . . in all prosecutions by indictment, a speedy, public trial, by an impartial jury of the county or district in which the offense was committed. . . ." But what if the accused himself does not perform the act which results in the completed offense, but is part of a conspiracy to accomplish that end (bribery here)? In that instance there is more than one way of upholding venue in the county where the principal, or co-conspirator was tried. One of these combines the substantive law of conspiracy and the statute which eliminates the principal-accessory distinction, Code of 1975, § 13-9-1.
That statute goes on to state that "all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense or aid or abet in its commission, though not present, must hereafter be indicted, tried andpunished as principals. . . ." That language certainly fits a conspiracy and makes the question of venue one inextricably tied to the law of conspirators. One could construe this language to simply state that a conspirator, even though not present when the ultimate crime was committed, but being liable as a principal, and being accountable as a principal, is therefore triable as a principal in the county where the principal could be tried, . e., where that principal committed the intended crime. The law of conspiracy supports that view. There are a good many older cases which discuss the law of conspiracy: Williams v. State, 81 Ala. 1, 1 So. 179 (1887);Tanner v. State, 92 Ala. 1, 9 So. 613 (1891); Jones v. State,174 Ala. 53, 57 So. 31 (1911); and these have been followed;Pendleton v. State, 57 Ala. App. 454, 329 So.2d 145 (1976).Tanner contains some significant language which bears on our venue problem, at 9 So. 615:
 When two or more enter upon a common enterprise or adventure, . . . and that enterprise contemplates the commission of a criminal offense, then each is a conspirator, and if the purpose is carried out each is guilty of the offense committed, whether he did any overt act or not. This rests on the principle that one who is present, encouraging, aiding, abetting, or assisting, or who is ready to aid, abet, or assist, the active perpetrator in the commission of the offense, is a guilty participant, and in the eye of the law is equally guilty with the one who does the act. And this criminal accountability extends not alone to the enterprise, . . . in which the conspirators are engaged, but it takes in the proximate, natural, and logical consequences of such adventure. This because all men are presumed to intend the proximate, natural, and logical consequences of acts intentionally done; and one who is present, encouraging or ready to aid another in such conditions, must be presumed to be cognizant of that other's intention to the extent above expressed. If such conspiracy or community of purpose embrace the contingency that a deadly encounter may ensue, with the common intention, express or implied, to encourage, aid, or assist, even to the taking of life, should the exigencies of the encounter lead up to that result, then, as a general rule, the act of one becomes the act of all, and the one who encourages, or stands ready to assist, is alike guilty with the one who perpetrates the violence. . . . [Emphasis added.]
[The same principles may be applied to the offense of bribery.] It follows that the law looks upon such a conspirator, or one who is ready to aid, as an actual participant in the completed offense. That is, he is considered a principal (as the statute states). In short, the act of Reed was the act of Williams.Accord, Smith v. State, 221 Miss. 184, 72 So.2d 215 (1954);Workman v. State, 216 Ind. 68, 23 N.E.2d 419 (1938); McLemorev. State, 241 Miss. 664, 126 So.2d 236 (1961); Carlisle v.State, 31 Tex.Crim. R., 21 S.W. 358 (1893). This being so, then it follows that the venue for Williams' trial would be the venue for the principal's trial. See 22 C.J.S. Crim. Law § 184 for many cases on point. If this is not the result in such cases we would be forced to conclude that the framers of our Constitution, and codifiers following them, carved out a venue *Page 566 
exception in conspiracy cases necessitating separate trials in perhaps a multiplicity of different counties, when at the same time their actors are legally looked upon as co-principals participating in the completed offense. As applied to these legal principles such a construction is unreasonable.
There is another way of looking at the venue problem. Section15-2-6 states that "When . . . the acts or effects [of an offense] constituting or requisite to the consummation of the offense occur in two or more counties, venue is in either county." This statute is almost identical with § 781 of the California Penal Code. A California case applying venue to a bribery prosecution interpreted this statute:
 Obviously, the phrase, "or requisite to the consummation of the offense" means requisite to the completion of the offense — to the achievement of the unlawful purpose — to the ends of the unlawful enterprise. By the use of the word "consummation" the legislature drew a distinction between an act or an effect thereof which is essential to the commission of an offense, and an act or effect thereof which, although unessential to the commission of the offense, is requisite to the completion of the offense — that is, to the achievement of the unlawful purpose of the person committing the offense. [People v. Megladdery, 40 Cal.App.2d 478, 106 P.2d 84 (1940).]
It hardly seems arguable that there were acts done in Montgomery County which were requisite to the achievement or end of the unlawful purpose and which would lay venue in Montgomery County.
A final point concerns this Court's decision in Reed v.State, Ala., 372 So.2d 876 (1979). What we held was that, in effect, the jury had found Reed not guilty. Now that means that a jury has found one co-conspirator not guilty. Such a result is not inconsistent with the law of aiders and abettors. The case of Bridges v. State, 48 Ala. App. 249, 263 So.2d 705 (1972) has settled that question over the argument that an aider and abettor can receive no more punishment than his principal or be found guilty of a greater offense than his principal. Pointing to former Tit. 14, § 14 (now § 13-9-1 and which abrogated the principal-accessory distinction) the Court noted that the statute did not require the same degree of the offense or mandate the same punishment. One jury could not be bound by another jury; otherwise it would not be the sole judge of the facts. The court adopted language from Christie v.Commonwealth, 193 Ky. 799, 237 S.W. 660 (1922), holding that an aider and abettor may be convicted of a felony at a subsequent term of court, though the principal was either acquitted or convicted of a misdemeanor at an earlier term. 24 A.L.R. 603 at 607 annotates similar holdings. Other cases in accord areMegladdery, supra; State v. Peel, 111 So.2d 728 (Fla. 1959);Wages v. State, 210 Miss. 187, 49 So.2d 246 (1950). Any seeming inconsistency in the results of these cases furnishes an appeal to executive clemency.
The decision of the Court of Criminal Appeals is affirmed.
AFFIRMED.
BLOODWORTH, MADDOX, FAULKNER and ALMON, JJ., concur.
JONES, SHORES and EMBRY, JJ., dissent.
TORBERT, C.J., not sitting.