THOMAS WINTERTON *v.* ILLINOIS CENTRAL RAILROAD CO.

EVIDENCE.   *Admissibility.   Testimony offered in rebuttal.   Discretion of court.*

> Where, in an action for personal injuries, the testimony for the plaintiff has shown that he was guilty of contributory negligence, and, instead of then applying for a peremptory charge, the defendant has uselessly shown the same fact, it is not an abuse of discretion to refuse to allow the plaintiff, who had not previously testified, to explain why he did the act constituting contributory negligence, such testimony not being in rebuttal.

FROM the circuit court of the second district of Panola county. HON. EUGENE JOHNSON, Judge.

The appellant, Thomas Winterton, was a justice of the peace, and was engaged in hearing a case, in his office in the courthouse, at Batesville, Miss. The courthouse was on the east side of the track of the Illinois Central Railroad Company, and appellant, having adjourned his court, to go home to dinner, was crossing the railroad, going west, when a south-bound gravel train struck him, and inflicted certain injuries upon his person, whereupon he brought this suit to recover damages for the injuries sustained.

On the trial, A. M. Bright testified for the plaintiff that he was present when the plaintiff was injured; that he met the plaintiff at the corner of the courthouse fence, fifteen or twenty yards east of the track, spoke to him, and passed on; that he looked back a few moments later, and saw the train just before it struck plaintiff; that the train was very close on plaintiff—too close for him to get over; that the train was running at a speed of about eighteen or twenty miles an hour; that he did not hear the bell ring, but heard the whistle when about fifty yards from where he met the plaintiff; that the train was very close to plaintiff when plaintiff passed on the track; that there

was a space of twelve or fifteen feet between the main and side tracks, and that the track was perfectly straight for a considerable distance north from where plaintiff was struck; that a person between the tracks could see the train approaching; that there was no one between the crossing and the plaintiff, as he crossed before he met the plaintiff at the courthouse fence; that, as he crossed, he saw the train coming, and it was then above the cotton-seed houses.

Dr. Perkins, another witness for plaintiff, testified as to the nature of the injuries.   R. F. Wiley testified for plaintiff that it was about four hundred feet from the place of collision to the farthest cotton-seed house, and about two hundred feet to the nearest; that there were staves piled along the side of the track, and the track was straight for three or four miles northwards; that the train was, he thought, running at a speed of fifteen or twenty miles an hour; and that he did not hear the bell ring.   He also verified a map showing that the side track lay to the east of the main track.

The plaintiff then resting, the defendant introduced testimony to much the same effect, and rested, whereupon the court asked if the plaintiff had any further testimony to offer.  Counsel for the plaintiff then asked leave to introduce the plaintiff, to explain why he attempted to pass over the crossing at the time and place he did, in rebuttal of evidence by the defendant introduced to show contributory negligence.   The court refused to allow this to be done, as the testimony would not be in rebuttal, remarking that the plaintiff should have been introduced in the first instance, if his testimony was desired, to which ruling plaintiff reserved an exception.   It was then agreed between counsel for the respective parties that the following might go to the jury as though testified to by the plaintiff: "Plaintiff states that he was at the corner of the courthouse yard when he saw the train; that he went towards the track, and, after he got there, he found, to his astonishment, the train was right on him.   He looked about when he got to

the corner of the courthouse yard, and the train was then at a distance of five hundred feet, and just after he stepped on the track, he realized that the train was on him.'' The court then giving the jury a peremptory charge to find for the defendant, the plaintiff excepted, and, from the judgment in favor of defendant, prosecuted this appeal.

*L. L. Pearson,* for appellant.

The court erred in refusing to permit plaintiff to testify in rebuttal, because, under our statute and as matter of law, the evidence in chief having shown simply the fact of injury— of collision with defendant's locomotive, at the time propelled through an incorporated town at a greater rate of speed than six miles per hour—made out a *prima facie* case for plaintiff, and devolved upon defendant the burden of showing contributory negligence on the part of plaintiff, as an affirmative defense, and defendant having introduced testimony for this purpose, plaintiff was thereby privileged to rebut the imputation of contributory negligence by any sort of competent testimony. It was not incumbent on him, by his evidence in chief, to show affirmatively that he approached the crossing without negligence, and in the exercise of ordinary and reasonable care. The law presumes this in the absence of proof to the contrary, and makes the simple proof of injury a *prima facie* case against the defendant, which entitles the plaintiff to recover, unless the railroad successfully carries the burden of exculpatory proof as matter of affirmative defense.    Section 1808, code of 1892, and authorities there cited; *Railroad Co.* v. *Hirsch,* 69 Miss., 126.

The court erred in giving the peremptory charge for defendant.    Under the facts in this case, the question as to whether plaintiff was guilty of contributory negligence was peculiarly one of fact for the jury, and not one of law to be passed upon by the court.    The evidence for the plaintiff does not show contributory negligence.    But it may be answered that there can be no sort of doubt that he could have both seen and heard

the train in time to have avoided the injury, if he had only
stopped in the space between the main and side tracks, and
looked and listened.    Certainly, this is true; if this is the arbi-
trary measure of his duty, then he has no standing in court.
Was it, as a matter of law, his duty to have stopped and list-
ened there ?    The court below thought it was.    Is this a cor-
rect exposition of the law of this case ?    If not, the case must
be reversed.    If it be the law that a person must, at his peril,
and without reference to antecedent facts or conditions, stop
within a few feet of the track, and look and listen for approach-
ing trains before going on the track, it is impossible for me to
conceive a state of case in which a person could be hurt at a
crossing and get damages.    This is not the law.    10 Am. St.
Rep., 455; *Ib.*, 874; 18 Am. Rep., 22.    Under our statute,
upon proof of injury alone, plaintiff, as a matter of law, is en-
titled to his reasonable damages, because the law, in such case,
presumes that the accident was the result of the negligence of
defendant; therefore, we must presume that plaintiff was free
from contributory negligence.    This, however, is but a pre-
sumption, and must give way to facts.    64 Miss., 693.    It
follows that, having made out his *prima facie* case entitling
him to recover, it was error for the court to give the peremp-
tory instruction, unless, upon the entire evidence, his contrib-
utory negligence appears so irresistibly and so conclusively
that the minds of all reasonable men are borne to the one con-
clusion, after a careful consideration of all the evidence and all
reasonable inferences arising therefrom.    *Fulmer* v. *Railroad
Co.*, 68 Miss., 355; *Nesbitt* v. *Greenville*, 69 Miss., 30; *Rail-
way Co.* v. *Hirsch*, *supra*.

Counsel here entered into an elaborate argument of the case
as it would have been made if plaintiff had been allowed to tes-
tify as set out in an affidavit found in the record.

*Mayes & Harris*, for appellee.

The general rule as to looking, required by a traveler at a

crossing, is laid down in the language on page 70 of the Am. & Eng. Enc. L., vol. 4, taken from Pierce on Railroads, which is as follows: "A traveler upon a highway, when approaching a railroad crossing, ought to make vigilant use of his senses of sight and hearing in order to avoid a collision. This precaution is dictated by common prudence. He should listen for signals, and look in the different directions from which a train might come. If, by neglect of this duty, he suffers injury from a passing train, he cannot recover of the company, although it may itself be chargeable with negligence, or fail to give signals as required by statute, or be running at a speed exceeding the legal rate." See Pierce on Railroads, p. 343, and the four columns of cases cited on page 70, 4 Am. & Eng. Enc. L.

If, with full knowledge of the near approach of a train, a traveler attempts to cross in advance of it, and merely miscalculates his ability to do so in safety, there can be no recovery for resulting injury. 4 Am. & Eng. Enc. L., p. 75; 33 Ind., 335; 53 Ill., 115. If, in addition, the view is obstructed, the greater the necessity for looking well before going on the track. *Jobe* v. *Railroad Co.*, 71 Miss., 734.

Counsel for plaintiff assigns for error the action of the court in refusing to allow the plaintiff to be put on the stand in rebuttal. This position is not maintainable. The principle involved here was passed upon by this court in two cases at the last term, and the question is well settled by reason and by common sense. *Richardson* v. *Foster* and *Railroad Co.* v. *Lowe*, decided at last term of the court.

Argued orally by *L. L. Pearson*, for the appellant, and by *J. B. Harris*, for the appellee.

WOODS, J., delivered the opinion of the court.

Sincerely sympathizing with the very unfortunate appellant, we are yet constrained by duty to agree in opinion with the learned judge before whom this case was tried below as to the

effect of appellant's evidence offered in chief to sustain his cause of action.   It had clearly shown the appellant's contributory negligence, and, if the railroad company had offered no evidence when the plaintiff closed, the defendant would have been entitled to verdict, as the court below justly observed. But after the appellee had introduced its evidence and had rested, the fact of the appellant's contributory negligence remained perfectly manifest.   Then counsel for appellant, in response to the inquiry of the court as to whether he had any further evidence to offer, expressed his desire to introduce the plaintiff himself, who had not testified in chief, to explain why he attempted to pass over the crossing, where he was injured, at the time and place he did, and, in rebuttal of defendant's evidence intended to show contributory negligence on the part of plaintiff.   Thereupon the court remarked that the plaintiff should have been introduced in the first instance, and that he would not then be permitted to testify to any facts not in rebuttal.   The evidence of plaintiff's witnesses had shown the contributory negligence of plaintiff.   He closed his case while in this attitude, and the defendant was clearly entitled to a peremptory charge.   This was not then asked, however, and the defendant uselessly showed the same fact by other witnesses. Then the plaintiff desired to take the stand and testify for the purpose of showing that he had not been guilty of contributory negligence, and this the court declined to permit.

The order of judicial investigation, including the time and manner of introducing evidence, is, and of necessity must be, committed to the sound discretion of the trial judge, and appellate courts should not interfere to reverse the exercise of this discretion by a trial court unless such exercise appears to have been had arbitrarily, capriciously or unjustly.   Was the exercise of the discretion in this case arbitrary or unjust?   Far otherwise, in our opinion.   It was in strict conformity to long-established rules governing the introduction of evidence, and, in this instance, simply denied to plaintiff an almost unheard-of

request to so alter a vital phase of his case, as already made out by the evidence of his own witnesses, not only or chiefly so as to meet the case made by his adversary, but also, and necessarily, to destroy the very case he himself had already deliberately made out. This would not have been evidence in rebuttal, and the court prudently and wisely refused to permit plaintiff to then take the stand, and, for the first time, attempt to show that he was free from contributory negligence. We see no abuse of judicial discretion in this action of the court, and, much as we deplore the injury suffered by the appellant, and deeply as we have been impressed by the zeal, ability, and learning of the argument of his counsel, we feel we cannot reverse the judgment without ourselves arbitrarily exercising the power so to do which is lodged in this appellate court for exercise only in exceptional cases. On the case as actually made out in the court below, there was only one verdict which could have been allowed to stand, and this the learned judge properly instructed the jury to find.

*Affirmed.*

*L. L. Pearson,* for the appellant,

Filed a suggestion of error, in which he very fully presented the view that the evidence for the plaintiff did not show contributory negligence, together with other points previously made.

*Suggestion of error overruled.*