SARAH V. JACKSON ET AL. *v.* MOBILE & OHIO RAILROAD COMPANY.

[42 South. Rep., 236.]

RAILROADS.   *Crossing accident.   Contributory negligence.   Looking and listening.*

Where one driving in a vehicle on a rural highway approached a railroad crossing, with an unobstructed view of the track for a mile or more, and, after waiting for a freight train to pass, drove on the track, without either stopping, looking, or listening, he was guilty of contributory negligence, precluding recovery for injuries sustained in a collision with a·train following the freight train, though no train was scheduled to pass on the track at that place at that time, and no signals were given of the approach of train causing damage, as required by statute, and though he acted on the supposition that no other train would immediately follow the freight.

FROM the circuit court of Noxubee county.

HON. ROBERT F. COCHRAN, Judge.

The appellants, Mrs. Jackson and others, the widow and children of W. R. Jackson, who met his death in the accident giving rise to the suit, were plaintiffs, and the railroad company was defendant, in the court below. The court below sustained defendant's demurrer to plaintiffs' replication to defendant's plea of contributory negligence, and, plaintiffs declining to plead further, judgment was given for defendant, and the plaintiffs appealed to the supreme court. The opinion of the court states the case as presented by the pleadings.

*A. F. Dent,* and *T. E. Rives,* for appellant.

We submit that under the facts and circumstances of this case, W. R. Jackson was in no degree negligent in attempting to cross the railroad track at the time he did, and under the circumstances under which he attempted to cross.

He crossed immediately behind the receding freight train; he had no knowledge whatever of any approaching passenger train; no passenger train or other train was scheduled to·pass over that crossing at that time; he received no warning of any approaching train; the employes in charge of the train failed to ring a bell or blow a whistle, as required by the statute; he was not required to be on the lookout for pitfalls. All of these circumstances, we earnestly submit, show beyond question that Jackson was in no degree negligent.

In support of this view, see *Railroad Co.* v. *Cline,* 45 Am. & Eng. R. Cas., 150 (135 Ill., 41; 25 N. E. Rep., 846); *McGovern* v. *Railroad Co.,* 67 N. Y., 417 (15 Am. Ry. Rep., 119); *Railroad Co.* v. *Fishell,* 32 Ill. App., 41; *Railroad Co.* v. *Dunnleavy,* 39 Am. & Eng. R. Cas., 381; *Read* N *Railroad Co.,* 74 Iowa, 188; *Kellogg* v. *Railroad Co.,* 79 N. Y., 72; *Hopson* v. *Railroad Co.,* 87 Miss., 789.

Gross negligence was shown on the part of the railroad company, and the jury should have been allowed to determine what

was the proximate cause of the injury.    *Railroad Co.* v. *Dill,* 22 Ill., 264; *Railroad Co.* v. *Blackman,* 63 Ill., 117; *Railroad Co.* v. *Devorak,* 7 Ill. App., 555; *Railroad Co.* v. *Davis,* 42 Am. & Eng. R. Cas., 70.; *Railroad Co.* v. *Logue,* 47 Ill., 292; *Railroad Co.* v. *Boltcher,* 131 Ind., 82; *Railroad Co.* v. *McClure,* 26 Ind., 370; *Railroad Co.* v. *Bodemer,* 54 Am. & Eng. R. Cas., 177; *Cook* v. *Railroad Co.,* 67 Ala., 533.

*J. M. Boone,* for appellee.

The fact that the railroad ran its passenger train close to a preceding freight train and did not blow its whistle or ring its bell, did not justify the deceased in attempting to cross the track at this crossing without taking some precaution to ascertain whether or not there was any danger. in so crossing the said track.    The employes in charge of the train are not bound to stop every time they see a person approaching a crossing or walking on the track. They may not wantonly injure or kill, but they may assume that the person seen on the track at a place where there is no difficulty in his leaving it will exercise the common instinct of self-preservation and get off of the track.    *Mobile, etc., R. R. Co.* v. *Stroud,* 64 Miss., 793; *Railroad Co.* v. *McGowan,* 62 Miss., 695; *Crawley* v. *Railroad Co.,* 70 Miss., 340; *Jobe* v. *Railroad Co.,* 69 Miss., 459.

We say that the rule of this court is that the traveler must use all reasonable precaution to apprise himself of the approach of a train, and the cases of *Railroad Co.* v. *Crominarity,* 86 Miss., 464, and *Hopson* v. *Railroad Co.,* 87 Miss., 789, do not conflict with this rule.

The only facts relied upon in this replication explaining the action of the deceased was, first, that there was no train at that time scheduled to run on said track at that place.    This was not an excuse.    The railroad has a right to run special trains and to use its track for such trains at such times as it may see proper, and the deceased had no right to presume, because a train had just passed that place, that another train was not about to.

pass.   It was his duty to apprise himself as to whether or not there was another train going to pass after this freight train had passed.   Second, that a freight train had, immediately before that time, passed said crossing.   This is no excuse, for, after the freight train had passed, the light of the sun was still shining and the deceased was still in possession of his eyes and ears, and could have looked or listened, and, having looked and listened, would have discovered the approaching train and stopped his wagon.   If the noise of the preceding train had interfered with his sense of hearing, it was the more incumbent upon him to use the sense of sight.   Third, that the agent of the railroad in charge of the said train gave no signal, either by blowing the whistle or ringing the bell.   As held in the numerous cases in this state, that does not excuse the deceased from exercising reasonable care and precaution in approaching railroad crossings.   It was negligence on the part of the engineer, but under the law nothing more than mere negligence, and under the replication in the case not alleged to be more than mere negligence on the part of the engineer; and if the deceased's negligence contributed to the injury resulting from the simple negligence of the employes of the railroad company, it is a bar to the right of recovery.   As held in the *Stroud* and *McGowan cases, supra,* it being a well settled and unbroken rule of this court. The plaintiffs, having presented their case in the replication as strongly as the proof could have shown it, they declined to plea further and allowed the court to render judgment dismissing their case.   *Mobile & Ohio R. R. Co.* v. *Roberts,* 23 South. Rep., 393; *Railroad Co.* v. *Crockett,* 78 Miss., 412; *Hackney* v. *Railroad Co.,* 33 South. Rep., 723; *Murdock* v. *Railroad Co.,* 77 Miss., 487; *Railroad Co.* v. *Cooper,* 68 Miss., 368; *Railroad Co.* v. *Neubeur,* 62 Md., 391.

MAYES, J., delivered the opinion of the court.

At the February term, 1906, of the circuit court of Noxubee county, Mrs. Jackson and others sued the Mobile & Ohio Rail-

road Company for $25,000 for the killing of W. R. Jackson, husband of Mrs. Jackson and father of the other parties named in the declaration.    The declaration alleges that W. R. Jackson was returning home from the city of Macon, driving on a public highway which crossed the Mobile & Ohio Railroad at what is known as the "levee crossing," about one and one-half miles from Macon; that W. R. Jackson, exercising all the care and prudence of a reasonable man, arrived at the crossing when one train, operated by the Frisco System over the line of the Mobile & Ohio Railroad Company, was passing north along said line, and as soon as said train had passed, the said Jackson, still exercising the prudence of a reasonable man, attempted to cross the track, knowing, as he did, that he had ample time to cross the track without any danger to himself, in case the said Mobile & Ohio Railroad Company exercised such care and caution as it was required to do by law.    While in the act of crossing said railroad, the employes of said railroad company, in care of a passenger train, and in closer proximity to said Frisco train than ordinary care and prudence would sanction, and closer than they are authorized to do by law, the said Jackson being in ignorance of the same, carelessly, wantonly, and recklessly, and in total disregard of the life of the said Jackson, recklessly, wantonly, and willfully ran said passenger train along said track, and caused the same to strike said Jackson, hurling him from the track, and mangling his body and causing his death. The defendant pleaded the general issue, and also filed a second plea setting up the fact that W. R. Jackson was guilty of contributory negligence, in that he drove upon the track of defendant railroad, in plain view, in the daytime, of a fast-approaching passenger train, and when said train was too close to deceased to stop it before colliding with said Jackson and his wagon; that the track of the company, in the direction from which the train was approaching, was perfectly straight for about a mile and a half; that there was no obstruction upon the right of way

of the defendant to prevent the deceased from seeing the train approaching by the merest glance.     To this second plea the plaintiffs filed a replication, in which they set up the fact that at the time of the occurrence in which Jackson was killed he drove upon the track of defendant railroad in plain view of the fast-approaching train, in the daytime, but that Jackson was exercising the care, caution, and prudence of an ordinarily prudent man, and at the time he drove upon the track he did not know and had no reason to believe that there was any approaching train, for the reason that no train was scheduled to run upon said track at that place at that time; that a freight train had immediately before passed the crossing, and that the agent of the railroad company in charge of the train gave no signal, either by blowing the whistle or ringing the bell, as required by statutes; that the said Jackson was not guilty of contributory negligence, and that the accident could have been avoided, had the railroad company exercised ordinary care in attempting to avoid the accident.     The replication denies that Jackson attempted to cross the track when defendant's train was too close to have avoided the accident, but admits that the track was straight for the distance of a mile and a half or two miles below the crossing, and asserts that the agent of the company, in charge of the train, in the use of due care and caution, could have seen the position of Jackson, and could, with ordinary care and precaution, have prevented the accident.     The defendants demurred to the replication alleging that the replication set up no defense to the plea of contributory negligence;     second, because the replication shows that plaintiffs have no cause of action;     third, because the replication shows that the deceased did not stop, or look, or listen before going on the track;     fourth, the replication shows that deceased could easily have seen the approaching train by looking and could have avoided the accident;     fifth, the replication shows that deceased drove upon the track in front of a fast-approaching train, which he could easily see as it approached.     This demur-

rer was sustained by the court, and, the plaintiffs declining to plead further, judgment was rendered dismissing the cause and taxing plaintiffs with costs.

It is always a condition precedent to the right of one to recover against another for negligence to show that the person seeking to recover was himself guilty of no negligence at the time the accident occurred. He cannot excuse himself from the duty which devolves upon him to exercise ordinary prudence by indulging in any supposition as to what will be the conduct of another, but he must safeguard himself by exercising at all times that care which the ordinary man would exercise under the same circumstances. The replication shows that there was an unobstructed view for a mile and a half or two miles, and, if Jackson had glanced in the direction from which the train was approaching, he must necessarily have seen the train. There was no obstacle on the track, and nothing to obstruct his vision, and the only excuse shown, or attempted to be shown in the pleadings, is that he had no reason to believe that there was any approaching train, and that none was scheduled to pass on the track, at that place, at that time, and that, a freight train having immediately gone before, he acted upon the supposition that no other train would immediately follow this one. We do not think, under these circumstances, that the replication shows that he was acting as a reasonably prudent man would act. It was not necessary for him to stop, look, and listen; but it was necessary, under the circumstances as presented by this case, for him to do one of the three things, and, if he had looked, he would necessarily have seen the approaching train, and thereby saved himself from the disaster which followed his lack of caution in this particular. It may have been negligence in the railroad company not to have blown the whistle or rung the bell, but their failure to do this did not excuse Jackson from the exercise of ordinary care himself. The replication plainly shows that he did not take those precautions for his safety which devolved upon him

as a reasonably prudent man to take.    Therefore, a recovery cannot be had in this case.

The case is easily distinguished from *Hopson* v. *K. C., M. & B. R. R.,* 87 Miss., 789 (40 South. Rep., 872).    In the *Hopson case* the facts showed that the crossing was a main crossing for an incorporated town, and that the sidetrack at the time of the accident was so filled with freight cars at the place of crossing that there was no view whatever of the main line; that the deceased at the time was engaged in hauling staves from the west side to the east side, and that in order to cross the track he had to pass through an opening left for that purpose between the freight cars, about sixteen feet wide, and that his view was obstructed, not only by the cars left upon the track by the company, but by storehouses and trees; and that the train was running at the rate of forty miles an hour through this incorporated town, whereas, if it had been run at the statutory rate of six miles, it was manifest that the accident could not have occurred; and the court held, under these circumstances, it was a question to go to the jury as to whether or not deceased was guilty of contributory negligence. But no such case is presented by the facts in this case.    Here it was a country road, with an unobstructed view for a mile or more, and the most casual observation on the part of the deceased would have disclosed the approach of the train.    We think that the action of the court was right in sustaining the demurrer to the replication and dismissing the cause.    *Railroad Co.* v. *McLeod,* 78 Miss., 334 (39 South. Rep., 76; 52 L. R. A., 954; 84 Am. St. Rep., 630); *V. & M. R. R. Co.* v. *McGowan,* 62 Miss., 695 (52 Am. Rep., 205); *Winterton* v. *I. C. R. R. Co.,* 73 Miss., 831 (20 South. Rep., 157); *Crawley* v. *Railroad Co.,* 70 Miss., 340 (13 South. Rep., 74); *Railroad Co.* v. *Jobe,* 69 Miss., 459 (10 South. Rep., 672); *Railroad Co.* v. *Crockett,* 78 Miss., 412 (29 South. Rep., 162).

*Let the judgment be affirmed.*