INZER, Justice:
Appellant, Janice Pace Ealy, was indicted, tried and convicted in the Circuit Court of Scott County for the crime of burglary. She was sentenced to serve a term of six years in the State Penitentiary. From this conviction and sentence she appeals. We affirm.
It is contended that appellant was called upon to plead to the indictment without benefit of counsel and that her counsel did not have sufficient time in which to prepare for trial. There is nothing in the record to support either of these contentions. No motion was made for a continuance or for additional time within which to prepare for trial, nor does the record reflect when counsel was appointed to represent appellant. These same contentions were urged in a motion for a new trial, but appellant offered no evidence to support the motion. In the absence of affirmative evidence to the contrary, it is presumed that the trial court did its duty relative to the arraignment and trial of appellant. Ford v. State, 218 So.2d 731 (Miss.1969).
Appellant also urges that the verdict of the jury is against the overwhelming weight of the evidence. The record reflects that appellant was apprehended at the scene of the crime. She had loaded her automobile with numerous articles of household furnishings which she admitted taking from a vacant house used for storage purposes. The proof on behalf of the state established that the house had been locked only a few hours prior to the time of the alleged crime. Appellant testified on her own behalf and admitted that she removed the items from the house, but denied that the house was locked. She admitted that she had to open the door to a room from which some of the items were removed. Her explanation for taking the property was that she thought that the house had been abandoned and no one wanted the items which she took. It is apparent from these facts that there was more than ample evidence to support the verdict of the jury.
The only other error assigned that merits any discussion is that the sentence imposed amounts to cruel and unusual punishment. This contention is based on the fact that the jury which found appellant guilty all requested the mercy of the court, and in spite of this request, the court sentenced appellant to serve a term of six years, when the maximum punishment authorized by statute is seven years. When the punishment imposed by the trial court is within the limits set by statute, the sentence itself is neither cruel nor unusual punishment. Capler v. State, 237 So.2d 445 (Miss. 1970). In Boyd v. State, 253 Miss. 98, 175 So.2d 132 (1965), we stated that it was the responsibility of the trial court to mete out punishment within the limits fixed by statute and that this Court would not reverse because of a request made by the jury with reference to punishment. Although the punishment imposed in this case appears on its face to be severe in the light of the request of the jury, we do not know what facts the trial court may have taken into consideration in addition to the facts revealed by the record. The *422 power and discretion with reference to clemency is vested by our Constitution with the Governor of this State and not in this Court. We are content to leave this power and discretion in his hands.
There being no reversible error in this record, this case must be and is affirmed.
Affirmed.
RODGERS, P. J., and JONES, BRADY and SUGG, JJ., concur.