ROBERTSON, Justice:
The appellant, Kenneth Ray Strickland, a white male adult, was indicted, tried and convicted in the Circuit Court of the Second Judicial District of Jones County, of raping a 20-year old white woman. He was sentenced to life imprisonment in the Mississippi State Penitentiary.
The' appellant has assigned 9 errors which he contends were committed by the trial court. Most of these are in areas where the trial court has wide latitude and discretion.
Points I and VIII concern the order of proof. The appellant contends that by allowing the State to put the prosecutrix on the witness stand last the court unduly restricted the appellant in his cross-examination of the prosecution’s witnesses. The State put on five witnesses in this order: Officer Jim Smith of the Laurel Police force, who received the telephone call informing the police that a rape was taking place; Simon Shanks of the Laurel Police force, who investigated; Thomas L. Johnson, who was the companion of the prose-cutrix; Dr. Zambrono, who examined and treated the prosecutrix immediately after the rape; and the prosecutrix, Mrs. Barbara Ann Cooley.
This Court has carefully read the transcript of the evidence, and it appears to us that the proof was adduced in an orderly and logical sequence. In any event, this Court said in Flynn v. Kurn, 183 Miss. 413, 184 So. 160 (1938):
“ ‘The order of judicial investigation, including the time and manner of introducing evidence, is, and of necessity must be, committed to the sound discretion of the trial judge; and appellate courts should not interfere to reverse the exercise of this discretion by a trial court unless such exercise appears to have been had arbitrarily, capriciously, or unjustly.’ See Winterton v. Illinois Cent. R. Co., 73 Miss. 831, 20 So. 157, *342 158.” (Emphasis added). 183 Miss. at 427, 184 So. at 164.
To the same effect is Thiede v. Utah, 159 U.S. 510, 16 S.Ct. 62, 40 L.Ed. 237 (1895), wherein the Supreme Court of the United States said:
“We may remark, in regard to other alleged errors in the introduction of testimony, that the order in which testimony shall be admitted is largely within the discretion of the trial court." (Emphasis added). 159 U.S. at 519, 16 S.Ct. at 66, 40 L.Ed. at 242.
A recent case on this point is Nelson v. United States, 415 F.2d 483 (5th Cir. 1969), wherein the Court of Appeals for the Fifth Circuit said:
‘‘The order of proof at trial is a matter almost wholly within the discretion of the trial court. United States v. Harris, 391 F.2d 348 (6th Cir. 1968); Strauss v. United States, 311 F.2d 926 (5th Cir. 1963); Anthony v. United States, 256 F.2d 50 (9th Cir. 1958).” (Emphasis added) 415 F.2d at 487.
We cannot say that the trial court unduly restricted the appellant in his cross-examination of the prosecution’s witnesses when it allowed the State to present its evidence in the sequence in which it did.
The appellant complained in Point II that the trial court unduly restricted the appellant in the presentation of defense testimony. Appellant says that the court erred when it sustained the objection to Harry Wells’ testimony. Harry Wells was the projectionist at the drive-in theatre attended by the prosecutrix and Thomas Johnson prior to the rape. The appellant argues, that because this movie depicted scenes of sex and violence and was restricted to adult viewers, that Wells’ testimony was admissible to show the mood and emotions of the prosecutrix. The trial court properly excluded this testimony because it -was irrelevant and immaterial.
The appellant contends that the trial court erred in sustaining the state’s objection to the testimony of Charles Beard that he had a conversation with the prosecutrix and that the proxecutrix refused to say that the appellant raped her. The record reflects that this witness stated that the conversation took place before August 31st, the date the crime was committed. The trial court was entirely correct in excluding it.
Appellant next complains that the trial court erred in refusing to allow the reputation witness, Barlow, to testify as to appellant’s reputation for peace and violence. It clearly appears from the record that this witness was not qualified to give an opinion because he admitted that it had been over 10 years since he had known the people in the appellant’s community and that even when the appellant and Barlow worked at the same plant that they worked in different departments and that he did' not know the names of anyone who worked with the appellant.
Under Point III appellant contends that the trial court erred in allowing the district attorney too much latitude in the cross-examination of reputation witnesses for Strickland. Here again the appellant is in a field where the trial court of necessity must have wide latitude and discretion in ruling on questions asked in the cross-examination of witnesses. The district attorney did make inquiry of the reputation witnesses as to whether they were familiar with the facts of this case. However, he did not go into detail although he came close at times. We cannot say that the trial court abused its admittedly wide discretion in allowing these questions on cross-examination.
Appellant charges under Point IV of his Assignment of Errors that: “The trial Court erred in rebuking counsel for the defendant in the presence of the jury, and refusing to caution the jury to ignore the remarks of the trial Court in that regard.” *343 The questions asked the prosecutrix by defense counsel that led to this rebuke were:
“Q. The biggest portion of your testimony is a lie, isn’t it ?
“A. No, sir, what you said was a lie! “BY MR. SULLIVAN:
“Court, please, we object to counsel

“BY THE COURT:
“What was the question?
“BY MR. BUCKLEY:
“If the major portion of her testimony was a lie.
“BY THE COURT:
“I am going to instruct counsel that if you make such a statement as that again, you are going to be in contempt of court.”
When this matter was taken up further out of the presence of the jury, defense counsel moved for a mistrial, and the trial judge, in overruling the motion, said:
“All right, the motion will be overruled, but I will warn you again that conflicting testimony is for the jury to decide and it is highly improper on the part of the counsel to stand in the presence of this Court and call the witnesses liars.”
The remarks of the trial judge were directed to defense counsel, not to the appellant. He censored defense counsel for his improper conduct, not the appellant.
88 C.J.S. Trial § 49(2) (1957), has this to say:
“The judge is justified in using to counsel language sufficiently pointed and emphatic to put an end to objectionable conduct, and some warmth or asperity in interchanges between counsel and the court will not give ground for complaint, particularly in a hotly contested case.” 88 C.J.S. at 127.
Under Point V, the appellant contends that: “The trial Court erred in refusing to caution the jury to ignore certain prejudicial remarks of the District Attorney, made in the presence of the jury.”
Just before the state rested it offered into evidence the testimony of Kenneth Ray Strickland given at a previous trial for the same offense, which trial resulted in a mistrial. Only the following took place in the presence of the jury:
“BY MR. ODOM:
“Your Honor, please, the State of Mississippi now offers into evidence the testimony.
“BY MR. BUCKLEY:
“Your Honor, if it may please the Court, I am going to object to this.
“BY THE COURT:
“I don’t know what it is. I can’t rule on it until I know what it is.
“BY MR. ODOM:
“We now offer into evidence the testimony of Kenneth Ray Strickland, the defendant in this case.
“BY MR. BUCKLEY:
“Your Honor, if it may please the Court, I would like for this to be done somewhere else.
“BY THE COURT: (Speaking to the Bailiff)
“Let the jury go to the jury room.”
After the Court, out of the presence of the jury, had sustained the objection to the introduction of this testimony, the jury was returned to the courtroom and the following colloquy took place:
“BY MR. ODOM: (Speaking to the court reporter.)
“Here’s this part and if you would, please, staple it together. the certificate there.
*344 “BY MR. BUCKLEY:
“Your Honor, this transpired in the presence of the jury.
“BY THE COURT:
“What transpired ?
“BY MR. BUCKLEY:
“That which has transpired. The State offered this exhibit.
“BY MR. ODOM:
“We have offered it as an exhibit .the statement of the defendant.
“BY THE COURT:
“It can be marked for identification only.
“BY MR. ODOM:
“The State rests.”
We do not think that this scant reference to defendant’s testimony in a prior trial for the same offense prejudiced the defendant’s case.
In Harrison v. United States, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968), the Supreme Court of the United States said:
“In this case we need not and do not question the general evidentiary rule that a defendant’s testimony at a former trial is admissible in evidence against him in later proceedings. A defendant who chooses to testify waives his privilege against compulsory self-incrimination with respect to the testimony he gives, and that waiver is no less effective or complete because the defendant may have been motivated to take the witness stand in the first place only by reason of the strength of the lawful evidence adduced against him.” (Emphasis added). 392 U.S. at 222, 88 S.Ct. at 2010, 20 L. Ed.2d at 1051.
Point VI concerns the in-court identification of the appellant by the prose-cutrix and the in-court identification of the appellant by the witness Thomas Johnson. A preliminary inquiry out of the presence of the jury was allowed by the Court as to the witness Johnson. He stated that he got a clear view of the appellant the night of the crime because the appellant came within 4 or 5 feet of him and the headlights of the appellant’s car were shining on him.
In Baylor v. State, 246 So.2d 516 (Miss. 1971), after discussing the rule laid down in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 1149 (1967), this Court said:
“This Court in Poole v. State, 216 So.2d 425 (Miss. 1968) followed the rule in Wade. In Poole, this Court said that, where the prosecution puts on no evidence whatever concerning the lineup or ‘jailhouse’ identification, a courtroom identification will not be excluded where the witness is shown to have had an independent source as the basis of the courtroom identification. This rule is not altered merely because the attorney for the accused brings out on cross-examination the fact of the pretrial identification.” (Emphasis Added). 246 So. 2d at 520.
In Martin v. United States, 462 F.2d 60 (5th Cir. 1972), the United States Court of Appeals for the Fifth Circuit again pointed out that it was up to the sound discretion of the trial court to determine if the in-court identification was tainted or should be admitted.
No need was shown for a preliminary hearing on the basis for the in-court identification of the accused by the prosecu-trix. The only mention of a pre-trial identification was the statement of the prosecu-trix that she saw the appellant up at the city hall the next night after the commission of the crime. The prosecutrix testified that she got a very clear view of the appellant at the time the crime was com *345 mitted and her identification of him was positive and unequivocal.
Appellant next contends that the trial court erred in allowing the witness Johnson to testify that the prosecutrix had been raped. When the investigating officers arrived at the scene Johnson told them: “[T]hat we had been robbed and Barbara had been raped.”
The Mississippi rule is stated in Carr v. State, 208 So.2d 886 (Miss.1968):
“The rule on this subject in Mississippi and in most of the United States is that the testimony of the prosecutrix, or other witness, is admissible to corroborate her testimony to show that shortly after the commission of the alleged offense she made a complaint, and when, where and to whom it was made. This evidence is not admitted as proof that the crime was committed, but merely to rebut the inference of consent that might be drawn from her silence.” (Emphasis added). 208 So.2d at 888.
The last point of complaint was that: “The Court erred in refusing instruction number 8 requested by the Appellant.” This instruction was clearly erroneous. It recited:
“[I]f you find from the evidence presented for your consideration in this case that the prosecutrix, . . ., identified the defendant as being guilty of having raped her on the occasions complained of, because of the defendant having been presented to her for identification while not represented by Counsel, under circumstances which were readily subject to misidentification, and not because of any ability of hers to identify him as a results of having seen him at the scene of the alleged rape, you should disregard her identification of the defendant.”
That language is vague and confusing and the appellant was attempting to present to the jury for its consideration matters that are for the trial court to decide, not the jury.
The appellant was entitled to a fair and impartial trial, not a perfect trial. The 612-page Record clearly reflects that the accused got a fair and impartial trial. It reflects that the trial court was very patient with the appellant and his counsel and afforded them every opportunity to fully present the appellant’s case.
The judgment of the circuit court is affirmed.
Affirmed.
RODGERS, P. J., and JONES, INZER and BROOM, JJ., concur.