PATTERSON, Justice :
Sam Pace was indicted and convicted of manslaughter by the Circuit Court of Neshoba County and sentenced to serve fifteen years in the state penitentiary.
He presently contends the trial court erred in permitting state witnesses to be introduced out of order, in permitting the pistol of the accused to be introduced into evidence, in sentencing the defendant harshly and unjustly, and in failing to direct a verdict for the defendant. We affirm.
Between the hours of 10:00 and 11:00 p.m. on March 4, 1972, Sam Pace and A. C. Coleman were within Archie Felder’s cafe in Neshoba County. Pace was sitting at a booth approximately ten feet from the front door drinking beer and conversing with Coleman who was standing nearby. A few moments previously Pace had engaged in a conversation with Kenneth Trip-lett concerning Pace’s identity. The defendant’s testimony concerning this conver *907 sation and the tragedy resulting from it follows:
Q. Go ahead and tell this Court exactly what happened.
A. After A. C. got there, me and him went around out to the bathroom, and we come back and we met this Kenneth Triplett standing side the wall there. He said “Hi, Red.” I said, “I ain’t Red. I know my name”, and he said, “Yes, you work for Mr. Pete Jordan”, and I said “He knows you. I don’t”. He said “I know you are Red”. He kept on boogering me and I listened to him a pretty good bit and I got tired of it, and I walked on in the building, me and A. C. Coleman, and I wasn’t in there three minutes before he come to the door and said “Come here, Red”, and I looked and I seen him. He had the gun. I said, “If you want to see me, you come over here”, and about that time he lowered it at me and I leaned back to get my gun. I had on blue jeans. I had my gun in the pocket of my blue jeans. I leaned just a little back and he shot toward me and I got up and shot toward the door.
Q. Was the door opened or closed when you shot?
A. It was open.
Q. Was he shooting at you?
A. Yes, he called me to him.
Q. Did he and A. C. have any trouble that night?
A. Not to my knowledge.
Q. Was the door opened or closed when you were shooting?
A. It was open just a few seconds because he shot at me standing at the door and about as quick as I could get my gun and shoot, he was out the door. It made me nervous, I reckon was why I missed him.
The shot fired by Triplett killed A. C. Coleman. The shot mentioned by Pace as being fired by him toward the door killed Catherine Brand who was outside the building at the time of the affray (other evidence indicates that several shots were fired toward the door by the accused). The indictment was returned for her death by the culpable negligence of Pace.
The first contention for reversal is that the defendant was prejudiced by the state’s witnesses being called out of order. Subsequent to the testimony of several state witnesses to the “shootout” the sheriff was called as a witness for the state. After the completion of direct testimony and cross-examination and when the jury was out of the courtroom while evidence was being heard concerning the voluntariness of a statement of the accused, the sheriff was permitted to leave the witness stand so that the testimony of Mrs. Sarah Fox, a nurse, could be taken. Following her testimony, W.D. Ates, a criminologist, was called as a witness by the state. Subsequent to his testimony the sheriff was recalled to testify further for the state. Though no objection was interposed to this sequence of witnesses, appellant nevertheless contends this was prejudicial error.
We have often stated that a trial judge must be afforded an opportunity to consider and rule upon a question arising during the trial before this Court can state that it was error. Sanders v. State, 260 So.2d 466 (Miss. 1972), and Robertshaw Trustees v. Columbus & G. RR Co., 185 Miss. 717, 188 So. 308 (1939). Moreover, the recent case of Strickland v. State, 269 So.2d 340 (Miss.1972), is dispositive of the issue. We there reaffirmed Flynn v. Kurn, 183 Miss. 412, 184 So. 160 (1938), which stated:
“ ‘The order of judicial investigation, including the time and manner of introducing evidence, is, and of necessity must be, committed to the sound discretion of the trial judge; and appellate courts should not interfere to reverse the exercise of this discretion by a trial court unless such exercise appears to *908 have been had arbitrarily, capriciously, or unjustly.’ See Winterton v. Illinois Cent. R. Co, 73 Miss. 831, 20 So. 157, 158.” (Emphasis added). 183 Miss, at 427, 184 So. at 164. (269 So.2d at 341-342)
We are of the opinion the trial court did not err in permitting the witnesses to testify in the sequence mentioned since there was no abuse of discretion.
The introduction of the defendant’s pistol now complained of also was not objected to when introduced into evidence and is not properly before this Court, but assuming that proper objection was made, it was nevertheless admissible in evidence since it was taken with the consent of the defendant after he had been properly informed of his “Miranda” rights. Additionally, we think no prejudice resulted from its introduction since the defendant testified that he had the pistol on the occasion and fired toward Triplett. We conclude there was no error in the introduction of the pistol.
We likewise find the next argument for reversal to be without merit. The contention is advanced that a 15-year sentence is unduly harsh and unfair. By Mississippi Code 1942 Annotated section 2233 (1956) the maximum sentence for manslaughter by culpable negligence is 20 years. The present sentence was within the limits set by the statute. This being true, it is neither cruel nor unusal punishment. Ealy v. State, 262 So.2d 420 (Miss.1972), and Capler v. State, 237 So.2d 445 (Miss.1970). In Capler we upheld a sentence where the jury recommended mercy as it did in the present case. From these authorities we determine the sentence to be neither harsh nor unusual.
Finally, it is contended that the Court erred in not directing a verdict for the defendant for the reason the defendant’s version of the affray was not contradicted by either testimony or the physical facts, citing Weathersby v. State, 165 Miss. 207, 147 So. 481 (1933). We are unable to accept this argument since Pace’s version of the homicide was materially contradicted by the physical facts as well as testimony of other witnesses. Carson v. State, 261 So.2d 462 (Miss.1972), and the authorities therein cited.
We have considered the record, the authorities cited by the appellant and others, by our research, and conclude that the appellant was afforded a fair trial without prejudicial error.
Affirmed.
GILLESPIE, • C. J., and INZER, WALKER and BROOM, JT„ concur.