296 So.2d 678 (1974)
J.W. SMITH
v.
STATE of Mississippi.
No. 47966.
Supreme Court of Mississippi.
June 10, 1974.
Rehearing Denied July 15, 1974.
*680 Constance Iona Slaughter, Forest, Firnist J. Alexander, Jr., Jackson, for appellant.
A.F. Summer, Atty. Gen., by Pete J. Cajoleas and Karen Gilfoy, Sp. Asst. Attys. Gen., Jackson, for appellee.
BROOM, Justice:
This is an appeal from the Circuit Court of Lowndes County wherein appellant, J.W. Smith, was found guilty of rape and sentenced to life imprisonment. We affirm.
Examination of the record shows that appellant was indicted on November 21, 1972 for the offense which occurred October 23, 1972. At his instance, the cause was continued three successive terms and tried at the August 1973 court term. Over one hundred and thirty pages of the record deal with a large number of pre-trial motions filed on behalf of appellant by alert defense counsel.
The facts and circumstances of this case are not significantly different from those set out in detail in this Court's opinion handed down in the earlier case of Fields v. State, 293 So.2d 430, decided by this Court on March 25, 1974. Therefore, we deem it unnecessary to make any detailed narration of the facts here except to say that three young women were at a rural camp house when two of them were physically raped. In this case the appellant was indicted for forcible rape of one of the three women.
The proof showed that the appellant herein did not himself commit the sex act, but he aided, assisted and abetted one Fields (who was convicted in a separate trial) who committed the actual rape. Appellant was armed with a gun and was effectively instrumental in forcing the prosecutrix to submit to the advances of Fields. Clearly one who aids, abets and assists in the commission of a crime is indictable and subject to the same punishment as a principal. Miss. Code Ann. § 97-1-3 (1972). Kittrell v. State, 89 Miss. 666, 42 So. 609 (1907). Appellant assigns a large number of errors, all of which we have considered. We find no reversible error, but several legal propositions advanced by appellant merit discussion.

I.
Appellant contends that the trial court erred in overruling his motion to suppress certain prosecution testimony. This assignment was concerned with the camp house which was destroyed by fire prior to the trial. Appellant complains that he had no opportunity to inspect the premises. Appellant said that if the prosecution were allowed to present testimony concerning the scene of the crime, he would be unreasonably prejudiced by being placed in an inferior position since the prosecution had in fact examined and observed the premises. There is no merit in this argument because the camp house was destroyed through no fault or action of the state, and the appellant and his companions (his witnesses) were familiar with the camp house and surrounding area.
We point out that the record does not reveal that the trial court ever ruled or passed upon the motion to suppress which had been taken under consideration. Where a party permits the court to proceed without an order pertaining to a motion, the right to have the same considered on appeal is waived. Boone v. State, 291 So.2d 182 (Miss. 1974); Pace v. State, 285 So.2d 906 (Miss. 1973); Marr v. State, 248 Miss. 281, 159 So.2d 167 (1963).

II.
Another proposition asserted is that the court committed reversible error in refusing to sustain appellant's challenge for cause to the juror Spitler. In his brief appellant charges that juror Spitler on voir dire was asked could he lay aside any evidence pertaining to "interracial dating" and "objectively serve as a juror." Appellant *681 says that the answer of Spitler was "I am not quite sure whether I could or not." Careful examination of the record indicates that the answer pointed out by appellant was not given by juror Spitler but was given by another member of the venire, a Mrs. Moseley. The record shows that before and after the quoted answer was given by Mrs. Moseley, counsel addressed juror Spitler, but the quoted answer was given by Mrs. Moseley in reply to counsel's direct question addressed to her. During the voir dire of juror Spitler he responded in the negative to the question of whether "interracial dating" would affect him. He stated that "to the best of my ability" he would try the case upon the testimony and instructions given by the court.
Juror Spitler's answer that he would follow the evidence and instructions places him in the category of a qualified juror. Armstrong v. State, 214 So.2d 589 (Miss. 1968), cert. denied, 395 U.S. 965, 89 S.Ct. 2109, 23 L.Ed.2d 750 (1969); Hancock v. State, 209 Miss. 523, 47 So.2d 833 (1950).

III.
Another point urged by appellant is that the court committed reversible error by refusing to allow defense counsel to cross-examine a state witness (not the victim of the rape for which appellant was tried) concerning a threat made by appellant as to what he woud do if she did not submit to sexual relations with Ferguson or Fields, companions of the appellant. The trial court was not in error here because appellant was being tried for rape of the prosecutrix, and not for the rape of the state witness whom defense counsel sought to question about threats made pertaining to the witness having relations with someone other than the appellant. The ruling of the court was: "You cannot go into another offense." (Emphasis added.) Also clear in the record is the fact that indeed the court did permit defense counsel to cross-examine the witness pertaining to threats made by appellant toward her but simply refused to permit counsel to extend his questioning into the area of "another offense." The action of the trial court in this regard could not have prejudiced appellant. Its only effect would have been to insure that appellant would not be blamed for some offense other than that which was the subject of the trial.

IV.
Appellant also argues that he should have been granted his requested peremptory instruction and that he should have been granted a new trial because the verdict was contrary to the great weight of the evidence. According to the argument of appellant, the state failed to prove that appellant raped the prosecutrix or "that he was even instrumental in the alleged crime." Testimony presented to the jury by the prosecutrix and the other young woman clearly established the fact that they were held captive by appellant and his companions who, while armed with and exhibiting guns, made various threats to use the guns. The element of lack of consent was fully discussed in Fields v. State, supra.
Concerning the element of penetration, appellant says that the state's proof thereof was elicited by a leading question. No objection was made by appellant's counsel to the leading question; neither was the issue raised in his motion for a new trial. Therefore the point is not properly before us  it having been waived by failure to preserve the alleged error. Moreover, the record reveals that appellant's witness, Fields, admitted having sexual relations with the prosecutrix. Other evidence clearly shows that at the time Fields was committing the sex act, appellant (armed with a gun) was aiding and abetting by standing guard with the gun near the room wherein the sex act took place. Abundant evidence showed that appellant, prior to the commission of the sex act, pointed his gun at the girls, ordered them into the camp house, and stated that "they weren't going to leave until they got what they came for."

*682 V.
Also urged as reversible error was the refusal of the trial court to grant appellant his requested instruction number two which included language on "bias or prejudice." Obviously this instruction was calculated to inject an issue related to race. We follow the rule previously adopted by this Court that the race question has no place in jury instructions. Goldsby v. State, 240 Miss. 647, 123 So.2d 429 (1960), cert. denied, 365 U.S. 861, 81 S.Ct. 829, 5 L.Ed.2d 824 (1961); Clark v. State, 102 Miss. 768, 59 So. 887 (1912).
Complaint is made by appellant of the failure of the court to grant him his requested instruction number eighteen, which reads as follows:
The Court instructs the jury that the criminal acts of one person cannot be charged to another without a showing that the acts were done in furtherance of a common design.
There was no error in this regard because the trial court granted to appellant his requested instruction number seventeen which we quote:
The Court instructs that aiding and abetting requires proof of a common design or understood purpose between parties to commit a crime.
Obviously the granted instruction number seventeen covered the question of common design and number eighteen was not needed, and if granted would have been repetitious.
Another point made by appellant is that he should have been granted his requested instruction number twenty-six which dealt with "force" and "fear." The instruction as requested was lacking in desirable qualities of clarity and as constructed would likely have been misleading or confusing to the jury. Additionally, it was not needed because the jury was amply instructed by other instructions as to "force" and the elements of the crime charged.
Tedious study of the entire record and all points asserted by appellant reveals no reversible error. The record shows that there was evidence submitted to the jury upon which it could have found either a verdict of guilty or not guilty, but it chose to accept the testimony of the state.
Affirmed.
RODGERS, P.J., and SMITH, ROBERTSON and WALKER, JJ., concur.