891 So.2d 268 (2004)
Willie C. ROGERS a/k/a Willie Rodgers, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-00763-COA.
Court of Appeals of Mississippi.
November 2, 2004.
Rehearing Denied January 11, 2005.
*270 Percy Stanfield, Beverly D. Poole, Jackson, attorneys for appellant.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before KING, C.J., IRVING and MYERS, JJ.
KING, C.J., for the Court.
¶ 1. Willie C. Rogers was found guilty in the Circuit Court of Madison County, Mississippi of the sale of cocaine. He was sentenced to a term of thirty years in the custody of the Mississippi Department of Corrections, with the last fifteen years suspended under prescribed conditions. The trial judge ordered that Rogers be placed in an alcohol and drug treatment program for a period determined by the alcohol and drug treatment counselors, and serve a term of five years on probation under the direct supervision of the Mississippi Department of Corrections immediately following his fifteen years of incarceration.
¶ 2. Aggrieved by his conviction, Rogers has appealed and raised the following issues which we state verbatim:
I. The trial judge's sentence was unusually harsh for a first offender and was imposed to punish defendant for exercising his right to a trial by jury.
II. The lower court erred in denying defendant's instructions D-2 and D-4 as to reasonable doubt.
III. Willie Rogers was denied the right to a fair trial under the 14th Amendment to the United States Constitution due to the racial composition of the jury and the venire.
IV. The lower court erred in not granting Rogers a continuance of the trial due to discovery violations on the part of the State.

FACTS
¶ 3. On April 12, 2002, Agent Thomas Jones of the Narcotics Unit of the Madison County Sheriff's Department worked with Tommy Brown, a confidential informant, in an undercover buy to purchase narcotics in the Madison County area.
¶ 4. At the pre-buy meeting, Agent Jones searched both Brown and his vehicle. Agent Jones gave Brown a jacket to wear, which concealed a video camera. An audio transmitter was placed in Brown's vehicle. Jones indicated that the other officers were able to listen to the transmission of the transaction from a vehicle parked nearby. Jones stated that he gave Brown $40 to purchase the narcotics. Afterwards, Brown drove to Franklin Street in Canton where he saw Willie Rogers. According to Brown, he told Rogers that he wanted to purchase "two cocaine rocks." Brown stated that Rogers asked him to wait a few minutes, because he did not have any rocks at that time.
¶ 5. While they were waiting, someone later identified as Lenaris Milton drove up. Rogers then received $40 from Brown, and told Milton to give Brown "a double up" (two cocaine rocks). Brown testified that Milton then gave him two plastic bags which contained a yellow-colored substance. *271 Brown drove back to the pre-buy location and met with Agent Jones.
¶ 6. When Brown got out of the car, he was searched by Agent Jones. Brown indicated that he told Jones that the substance was on the seat in the car. Agent Jones then took possession of the two plastic bags from the seat and all of the equipment used in the undercover buy by Brown. Agent Jones placed the substance in an evidence bag and sent it to the Mississippi Crime Lab where it was later determined to contain cocaine.
¶ 7. In June 2002, Rogers was indicted along with Lenaris Milton for the sale of cocaine. At trial on February 27, 2003, Brown testified that he purchased cocaine rocks from Rogers. Milton testified that at Rogers' instruction, he gave "two rocks" to Brown who had given Rogers two $20 bills.

ISSUES AND ANALYSIS

I.

Whether the trial judge's sentence was unusually harsh for a first-time offender and was imposed to punish defendant for exercising his right to a trial by jury.
¶ 8. Rogers claims that his sentence was unusually harsh for a first-time offender and that his sentence was in violation of the U.S. Const. amend. VI and the Miss. Const. art. 3, § 26. Rogers maintains that he was given such a harsh sentence as punishment for exercising his right to a trial by jury.
¶ 9. Generally, sentencing is within the discretion of the trial court and "not subject to appellate review if it is within the limits prescribed by statute." Hoops v. State, 681 So.2d 521, 537 (Miss.1996).
¶ 10. In this instance, the prosecution discussed a plea bargain with Rogers. However, Rogers declined to accept the offer and the prosecution proceeded to trial. "A trial court is prohibited from imposing a heavier sentence because the defendant has exercised his constitutional right to trial by jury than that which was offered the defendant in the plea bargaining process." Williams v. State, 784 So.2d 230(¶ 20) (Miss.Ct.App.2000). The general rule is that a sentence cannot be disturbed on appeal if the sentence does not exceed the maximum term allowed by statute. Fleming v. State, 604 So.2d 280, 302 (Miss.1992). "However, where the record reflects that the court remained aloof from the bargaining process or was unaware of the bargaining, the court does not err in sentencing [a] defendant to a greater sentence than that which was offered in the plea bargaining process." Williams, 784 So.2d at (¶ 20). Additionally, if the record reveals that the sentence was based on a pre-sentence report and prior convictions, then the court does not abuse its discretion where a greater sentence has been imposed. Id. The transcript reflects that the trial judge indicated that he intended to review the pre-sentence report.
¶ 11. Pursuant to Mississippi Code Annotated Section 41-29-139(b)(1) (Rev.2001), a person convicted of the sale of cocaine may be sentenced to "not more than thirty (30) years and shall be fined not less than Five Thousand Dollars ($5,000.00) nor more than One Million Dollars ($1,000,000.00), or both...." The sentence given to Rogers is within the acceptable range of the statute, and absent more, is not a constitutional violation, and is not subject to review by this Court. Fleming, 604 So.2d at 302.

II.

Whether the trial court erred in denying Rogers' jury instructions D-2 and D-4 concerning reasonable doubt.
*272 ¶ 12. Rogers alleges that the trial court erred by denying instructions D-2[1] and D-4[2] regarding reasonable doubt.
¶ 13. "Jury instructions are to be read together and taken as a whole with no one instruction taken out of context." Harris v. State, 861 So.2d 1003(¶ 18) (Miss.2003). The court may refuse an instruction which "incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence." Id. Therefore, "if all instructions taken as a whole fairly, but not necessarily perfectly, announce the applicable rules of law, no error results." Smith v. State, 835 So.2d 927(¶ 23) (Miss.2002).
¶ 14. Instruction D-2, refused by the trial court, instructed the jury "that the burden of proof is on the State to prove every material allegation alleged in the indictment beyond a reasonable doubt." The trial court refused this instruction as being a repetitive instruction. The State's burden of proof was addressed by defendant's jury instruction D-7, given as court instruction number three.
¶ 15. Instruction D-4 instructed the jury regarding the term "reasonable doubt." The trial court indicated that in this instruction, the phrase "the law of the land" was unclear and refused the instruction. A defendant is not entitled to an instruction, which lacks clarity. Smith v. State, 296 So.2d 678, 682 (Miss.1974).
¶ 16. This Court finds that the instructions, "when read together and taken as a whole," Harris, 861 So.2d at (¶ 18), sufficiently address the issue raised by the defendant. Therefore, this issue is without merit.

III.

Whether Rogers was denied the right to a fair trial under the 14th Amendment to the United States Constitution due to the racial composition of the jury and the venire.
¶ 17. Rogers contends that he was denied the right to a fair trial under the 14th Amendment of the United States Constitution when the trial court accepted the State's reasons for two of its peremptory challenges which he claims were in violation of Batson v. Kentucky, 476 U.S. 79, 94-97, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
¶ 18. When reviewing this issue on appeal, "the trial court's decision is accorded great deference and will be reversed only when such decision is clearly erroneous." Walker v. State, 815 So.2d 1209(¶ 12) (Miss.2002).
*273 ¶ 19. In reviewing a Batson objection, the court must determine "whether the opponent of the strike has met the burden of showing that [the] proponent has engaged in a pattern of strikes based on race or gender, or in other words `the totality of the relevant facts gives rise to an inference of discriminatory purpose.'" Puckett v. State, 788 So.2d 752(¶ 10) (Miss.2001) (citations omitted).
¶ 20. The record does not indicate how many persons of color were on the venire. Rogers' attorney challenged two of the State's peremptory challenges claiming a pattern of racial exclusion. The trial judge then asked the prosecutor for race-neutral reasons for the strikes.
¶ 21. As to the first strike, the prosecutor stated that this potential juror was struck because (1) she was twenty-four years old, (2) she lived in Canton, close to where the incident occurred, (3) she was unmarried and had no children, (4) she listed her place of employment as "SRC," which was a place unknown to the prosecutor, and (5) she was "extremely unresponsive in voir dire." After reviewing these reasons given by the prosecutor, the trial judge accepted the age and marital status as race-neutral reasons for the strike.
¶ 22. Regarding the next strike, the prosecutor stated that this potential juror in fact knew Rogers. This individual indicated that although she saw Rogers regularly, she could be impartial. The trial judge stated that he did not remove this individual for cause, but he removed her because of her relationship and knowledge of Rogers. These reasons were accepted as race-neutral as well. The record does not indicate that Rogers attempted to rebut these reasons. This Court finds that the trial judge did not err in determining that the prosecutor's reasons for the strikes were race-neutral.

IV.

Whether the trial court erred in not granting Rogers a continuance of the trial due to discovery violations on the part of the State.
¶ 23. Rogers alleges that the trial court erred in denying him a continuance of the trial due to the State's discovery violations. Rogers claims that the State failed to show him a video which was to be played for the jury. He maintains that the video shown to the jury was not an accurate depiction of the occurrence. Rogers indicates that the video viewed by him and his attorney shows him sitting with other individuals on the front porch of a house located at 607 West Franklin Street in Canton. He claims that he never got off the porch in the first video.
¶ 24. Rogers argues that the video shown to the jury reflects him "going around the side of the house and coming back around, and then it shows a guy following [Rogers] and appears to give him $20 or $40, which is held up in the air." During the hearing on the motion, Rogers acknowledged that he did walk around to the side of the house and talk to someone but does not know with whom he spoke. Rogers claims that the people on the porch in the second video are different from the people sitting on the porch in the video previously viewed by him.
¶ 25. After viewing the second tape, Rogers' attorney requested that he be allowed an opportunity to contact the people on the tape. Rogers contends that he should have been allowed to have the persons in the second video available to testify in his behalf.
¶ 26. The trial judge asked Rogers for the names, addresses, and telephone numbers of all of the persons he knew in the videotape. The trial judge asked Rogers what testimony or evidence could those *274 persons bring forth that would change or effect anything viewed on the videotape. Rogers responded that he was hoping that someone would recall exactly what transpired. The trial judge stated that he would allow Rogers to view the tape again. Rogers was asked to provide the court with the names and addresses of the persons on the tape and the trial judge issued subpoenas instanter for those persons. In addressing the motion, the trial judge stated the following:
The testimony before the Court at this point in time is that Mr. Rogers says it's a different video. The state's witnesses say that there is another video that's inside a house. That there's no other video exists and I don't see how anything is going to change other than what's on that video except for the fact that there are people on this video that the Defendant wants to talk to to see what they remember about that if they looked at the video.
The trial judge then decided to proceed with the trial with the possibility of declaring a mistrial should any of the individuals have something to say which benefitted the defense.
¶ 27. "This Court is limited on appeal to reversing a trial court's decision regarding discovery violations only upon finding an abuse of discretion." Gray v. State, 799 So.2d 53 (¶ 26) (Miss.2001). "The decision to grant or deny a motion for a continuance is within the sound discretion of the trial court and will not be grounds for reversal unless shown to have resulted in [a] manifest injustice." Coleman v. State, 697 So.2d 777, 780 (Miss.1997).
¶ 28. The trial judge assisted Rogers by issuing process for these alleged witnesses. There is no indication that any of these persons had knowledge which reflected upon the guilt or innocence of Rogers. In the absence of such a showing, this Court finds no abuse of discretion by the trial court and accordingly finds this issue lacking in merit.
¶ 29. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIFTEEN YEARS SUSPENDED, AND FIVE YEARS OF SUPERVISED PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] Defendant's Instruction D-2 states: The court instructs the jury for the defendant that the burden of proof is on the State to prove every material allegation alleged in the indictment beyond a reasonable doubt. If you now believe that the State's evidence is so uncertain or indefinite or if you have a reasonable doubt from such testimony, in your minds, as to the guilt or innocence of the defendant, or if the defendant has raised such doubt by testimony, you should resolve this doubt in favor of the defendant and find him "Not Guilty."
[2] Defendant's Instruction D-4 states: The court instructs the jury for the defendant, that under the law, the term "reasonable doubt," as used by the court in instructions to juries, as the law in the trial of cases, is a sacred and substantial right of this defendant charged with this crime, given and guaranteed unto him by the law of the land, and that such reasonable doubt may arise from the testimony or any part of the testimony, or the lack of testimony, and that under the law, it is the sworn duty of the Jury, and each member thereof, that if there is a reasonable doubt in the mind of any member of this Jury as to the guilt of the defendant, it is your sworn duty to return a verdict of "Not Guilty."